BENJAMIN NEWMAN *et al.*

*v.*

THE COMMERCIAL NATIONAL BANK OF PEORIA.

*Filed at Springfield June 13, 1895.*

1. COURTS—*the court first obtaining jurisdiction retains it.* In cases of concurrent jurisdiction the court which first obtains jurisdiction will retain it to the end of the controversy, to the exclusion of all others.

2. SAME—*when equity will not oust court of law.* A court of equity of one county will not interfere where a court of law of another county has acquired jurisdiction of the subject matter, and has power to determine the rights of the parties.

3. SAME—*of law, will protect equitable interests in garnishment.* Courts of law will protect the interests of equitable owners of choses in action in garnishee proceedings.

4. SAME—*power of county courts in insolvency proceedings.* The county courts of Illinois, as insolvency courts, are clothed with power to determine what property passes to an assignee, for the benefit of creditors, by virtue of a deed of assignment, and also to determine the rights of all contesting claimants.

5. SAME—*when a court acquiring jurisdiction cannot be ousted.* A circuit court in which a grantee of land is garnished for unpaid purchase money, and the land attached by creditors of a firm to which the grantor belonged, while the legal title is claimed by an assignee for the creditors of the firm, cannot be deprived of jurisdiction by a subsequent bill in equity in the circuit court of another county by individual creditors of the grantor claiming the fund.

*Commercial Nat. Bank* v. *Newman,* 55 Ill. App. 534, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. OSCAR P. BONNEY, Judge, presiding.

The facts in this record are sufficiently stated in the opinion filed in the Appellate Court for the Third District by WALL, P. J., which opinion is as follows:

"This was a bill in chancery, brought in the circuit court of Pike county, by Benjamin Newman, S. C. Hoyt, the First National Bank of Pittsfield and the Griggsville National Bank, against the Commercial National Bank

of Peoria, the Bank of Commerce of Peoria, Allan C. Rush, Francis E. Rush, Jefferson Orr, Ella M. Orr and Isaac C. Edwards. It alleged that said Allan C. Rush was, on December 28, 1892, indebted to the complainants, severally, in different sums, and that on December 29, 1892, he sold and conveyed certain described lands to the said Jefferson Orr and Ella M. Orr for the price of $20,280; that said Jefferson, acting for himself and said Ella M. Orr, promised said Rush, as a part of the consideration for said lands, to pay to said Newman $3500, to said Hoyt $500, to said First National Bank $4000 and to said Griggsville National Bank $1700; that said Rush was a member of the firm of Kirkwood, Miller & Co., engaged in business in Peoria, which said firm, on December 30,1892, made a voluntary assignment to said Edwards for the benefit of their creditors; that the deed of assignment contained descriptive terms, under which the assignee claimed the individual property of said Rush as well as that of the other members of the firm, in addition to the partnership property, and that he claimed the legal title to said lands because the deed of assignment was made before the conveyances to the said Jefferson and Ella M. Orr were recorded, and that the consideration for said conveyance should be turned over to him; that said Commercial National Bank of Peoria and the Bank of Commerce of Peoria, also named as defendants, instituted suits in attachment in the circuit court of Peoria county, on or about the third day of January, 1893, against said firm of Kirkwood, Miller & Co., and caused writs of attachment to be levied on said lands of Allan C. Rush, and caused him to be served with summons, returnable on the first Monday of February, 1893; that certificates of levy on said lands in said cases had been filed in the circuit clerk's office of Pike county, and that said Jefferson Orr and Ella M. Orr had been summoned in garnishment in both of said cases; that the claims sued on in said cases were for the partnership indebted-

ness of said Kirkwood, Miller & Co., and not the individual indebtedness of Allan C. Rush, and that complainants had a prior lien, in equity, on the individual property of said Allan C. Rush for the payment of this individual indebtedness to them, as above set forth.

"The bill prayed that upon a hearing of this cause the court might order and decree that the said several amounts to be paid to complainants by said Ella M. Orr and Jefferson Orr, as above set forth, were held by them in trust for the said complainants, and that said amounts might be ordered and decreed to be paid to them without delay, but if the court should find that the said lands had been fraudulently conveyed by said Allan C. Rush, to hinder and delay his creditors, that the court should order that the same might be set aside, and complainants should have a prior lien, as individual creditors of the said Allan C. Rush, for the amounts above set forth; or in case the court should order the consideration for said lands to be paid over to the assignee, that complainants might have a prior lien against said proceeds in the hands of said assignee, as individual creditors of said Allan C. Rush, for the respective amounts above set forth.

"The Peoria banks, by their answer, asserted that by virtue of their attachment proceedings, and the service of the writs upon said Rush and upon the said Jefferson and Ella M. Orr, the circuit court of Peoria county had first acquired jurisdiction of the parties and of the subject of controversy, and that the circuit court of Pike county could not interfere; asserted their prior lien upon the fund in dispute; denied that a case for equitable jurisdiction appeared by bill, and prayed for the same benefit upon the hearing as if they had specifically demurred to the bill.

"Jefferson and Ella M. Orr answered, and afterwards filed in said cause their bill of interpleader, setting out a statement of the matters involved at great length; praying for an adjustment as to the conflicting claims of

the various creditors, complainant and defendant; claiming that of the purchase money $4525 should be paid to Lucy Rush and to the estate of John Rush, by reason of certain provisions of the will of said John Rush operative upon the lands, and offering, as to the balance of $15,755, to bring the same into court for such disposition as might be decreed, and praying that the defendants the Bank of Commerce and the Commercial National Bank of Peoria might be restrained, by injunction, from proceeding further against said above described premises, and also against the said Jefferson and Ella M. Orr, in said garnishee suits, and that the levies upon said premises by virtue of said attachment writs might be canceled and the cloud removed.

"This bill of interpleader was answered by all the creditors and by said Rush. The cause progressed to a hearing, and the court, by its original, supplemental and final decrees, found that it had jurisdiction of the parties and of the subject matter, and that by virtue of the transaction, as therein stated and set forth, between said Rush and said Jefferson Orr, there was an equitable assignment of the purchase money to said complainants of the sums alleged in their bill, and of other specified sums to other parties who were named, and that the funds (which had been placed in the hands of a receiver) should be distributed accordingly, and that though the said Commercial National Bank had obtained a judgment for $15,000 in said attachment suit against said Kirkwood, Miller & Co., yet said bank and the Bank of Commerce were enjoined from prosecuting any further the said attachment suits pending in Peoria county as against the said Jefferson and Ella M. Orr, and that said receiver should pay to the said Commercial National Bank whatever sum might remain in his hands after paying the specified sums to said Newman and others. Said bank prosecutes the present appeal.

"The first question for consideration is as to the jurisdiction of the circuit court of Pike county. The circuit court of Peoria county, by virtue of the proceedings in attachment, obtained complete jurisdiction, and had full power to ascertain and determine the rights of all parties interested in the funds in the hands of the garnishees. The entire fund was thereby appropriated. (*Reeve* v. *Smith*, 113 Ill. 47; *Nat. Bank of Am.* v. *Ind. Banking Co.* 114 id. 483.) Any person claiming it, or any part of it, by assignment or otherwise, might appear and maintain his right, and if he did not voluntarily appear, he might, upon notice, be required to do so, and the court had ample power to adjust all questions arising, to appoint a receiver, and to make all orders which might be necessary or equitable between the parties. (Rev. Stat. chap. 62, secs. 11, 12-24; *Stevens* v. *Dillman*, 86 Ill. 233.) Having such jurisdiction, it could not be deprived of it by a subsequent proceeding in another court of concurrent jurisdiction.

"It is elementary, that in all cases of concurrent jurisdiction the court which first obtains jurisdiction will retain it to the end of the controversy, to the exclusion of all others. An opposite rule would lead to endless confusion and uncertainty. The scope of the original bill, as well as of the bill of interpleader, was to determine the very questions which would necessarily arise upon the garnishment. Its object was to obtain from the circuit court of Pike county a decision upon the points arising in the suit previously commenced in Peoria county. Accordingly the court in Pike proceeded to hear the controversy, and rendered a decree whereby it enjoined the further prosecution of the suit in Peoria. This injunction violates section 4, chapter 69, of the Revised Statutes, which provides that an injunction to stay a suit or proceeding at law shall be in the county where the suit is pending.

"It is urged, however, that the bill of interpleader gave the court in Pike county all needed jurisdiction. It is laid down by Pomeroy, in his work on Equity Jurisprudence, (sec. 1322,) that the equitable remedy by interpleader depends upon and requires the existence of four essential elements or conditions: First, the same thing, debt or duty must be claimed by both or all the parties against whom relief is demanded; second, all their adverse titles or claims must be dependent on or derived from a common source; third, the person asking relief must not have any claim or interest in the subject matter; fourth, he must have incurred no independent liability to either of the claimants. Passing the other conditions, the fourth is important here. The same author says, in section 1326: 'The party asking the interpleader, in his dealings with one of the claimants, may have expressly bound himself by contract, so as to render himself liable upon such independent undertaking, without reference to his possible liability to the rival claimant upon the general nature of the transaction. Under these circumstances he cannot require the claimants to interplead.' In Story on Equitable Jurisprudence, (vol 2, sec. 823,) it is said that this remedy, while it has cured many defects in proceedings at law, has left many cases of hardship unprovided for; and in the following section, that there are cases where a bill in the nature of interpleader will lie by a party in interest to ascertain and establish his own rights, when there are conflicting rights between third persons.

"Possibly this bill might be in analogy to some of the cases cited under this section, and might be entertained if it were an original bill, and if the statute had not provided a distinct and adequate remedy, and if no question of prior jurisdiction were involved; but it is difficult to see why this bill was necessary in view of the scope and purpose of the original bill, which sought to accomplish a full adjustment of these conflicting claims. Moreover, the statute had provided a remedy wholly adequate, and

a court of concurrent authority had obtained jurisdiction of the fund, and had power to hear and determine the entire controversy. The attachment proceedings in Peoria county had subjected the fund in the hands of the garnishees to the control and judgment of that court. The garnishees were bound to answer to that court, and could not be relieved from that duty by another court of concurrent jurisdiction upon a proceeding subsequently commenced. In their answer they would necessarily disclose the claim of Newman and others, who asserted the rights which were allowed them by this decree, and upon such disclosure those claimants would be brought in to litigate the matter with the attaching creditors, and thus in a court of law an adequate remedy is provided. No resort to chancery, even in the court having already obtained jurisdiction, would be necessary. Conceding that the statute would not oust equity of its power to adjudicate in such a case, yet it is clear that equity would not interfere when a court of law having competent power had obtained jurisdiction and was about to administer the remedy provided by the statute.

"It follows that the circuit court of Pike county should not have assumed jurisdiction, and that its decree must be reversed, with direction to dismiss the original and the interpleading bill."

MATTHEWS, HIGBEE & GRIGSBY, and A. G. CRAWFORD, for appellants:

Process of garnishment, being a legal proceeding given by statute, only entitles a party to recover such indebtedness as could be recovered by an action of debt, or *indebitatus assumpsit*, in the name of the attachment or judgment debtor, against the garnishee. This doctrine was first announced in this court in the case of *May* v. *Baker*, 15 Ill. 89, and has been adhered to in the following cases: *Webster* v. *Steele*, 75 Ill. 544; *Coal Co.* v. *Richardson*, 33 Ill. App. 277; *Netter* v. *Board of Trade*, 12 id. 607; *Gregg*

v. *Savage,* 51 id. 281; *Chatroop* v. *Borgard,* 40 id. 279; *Savage* v. *Gregg,* 150 Ill. 161; *Dressor* v. *McCord,* 96 id. 389.

Nothing shall be intended to be within the jurisdiction of a court exercising a special statutory and extraordinary power, except that which is expressly alleged. *Peacock* v. *Bell,* 1 Saund. 69 ; *Haywood* v. *Collins,* 60 Ill. 328; *Burns* v. *Nash,* 23 Ill. App. 552.

The general rule that the court first obtaining jurisdiction will retain it, is confined to suits between the same parties or privies seeking the same relief or remedy, and to such questions as arise properly in the progress of the suit first brought, and does not extend to all matters which may, by possibility, become involved in it. *Buck* v. *Colbath,* 3 Wall. 334; *Putnam* v. *New Albany,* 4 Biss. 365.

Before an assignee obtains possession of the property a bill of equity will lie to construe the deed of assignment, and a court of equity having once obtained jurisdiction will retain it and distribute the fund. *Hanchett* v. *Waterbury,* 115 Ill. 220 ; *Preston* v. *Spaulding,* 120 id. 208 ; *Farwell* v. *Cohen,* 138 id. 216; *Lowe* v. *Matson,* 140 id. 108.

The appellants in this case were strangers to the record of the attachment case pending in the circuit court of Peoria county, and could not be bound by any judgment therein rendered. *Juilliard & Co.* v. *May,* 130 Ill. 87.

DAVID McCULLOCH, and IRWIN & SLEMMONS, for appellee :

When two courts have concurrent jurisdiction over the same subject matter, the court in which the suit is first commenced is entitled to retain it until the end of the controversy. Hawes on Jurisdiction of Courts, sec. 113; *Swartz* v. *Barnes,* 11 Ill. 88; *Ross* v. *Buchanan,* 13 id. 58 ; *Mapes* v. *People,* 69 id. 527; *Aldrich* v. *City of Polo,* 8 Ill. App. 45 ; *Mount* v. *Scholes,* 21 id. 192; *Howell* v. *Moore,* 127 Ill. 79.

The circuit court of Peoria county had ample power to make all orders in regard thereto which may be necessary or equitable between the parties.  Rev. Stat. chap. 62, secs. 11, 24.

From the time of the service of the process of garnishment the fund was *in custodia legis.  Nesbitt* v. *Dickover,* 22 Ill. App. 141; *Reeve* v. *Smith,* 113 Ill. 47; *Bank of Commerce* v. *Banking Co.* 114 id. 489; Drake on Attachment, sec. 453.

A court should not frame an issue to determine the distribution of a fund where there is no fund actually in that court, said fund being in some other court of coordinate jurisdiction.  *Walker* v. *Bank,* 98 Pa. St. 574.

The court in which the attachment and garnishment proceedings were pending had full power to appoint a receiver for the property or funds, and make all orders in regard thereto which may be necessary or equitable between the parties.  Rev. Stat. chap. 62, secs. 11, 12, 24; chap. 11, sec. 29; *Garry* v. *Brown,* 33 Ill. App. 435.

Where a mere confidence is reposed or a credit given equity will not exercise jurisdiction.  *Steele* v. *Clark,* 77 Ill. 474; *Weer* v. *Gand,* 88 id. 490; *Douglass* v. *Martin,* 103 id. 25.

This is not a case where courts at law and equity have concurrent jurisdiction.  *Douglass* v. *Martin, supra; Taylor* v. *Turner,* 87 Ill. 303; *Wilson* v. *Kirby,* 88 id. 571; *Weer* v. *Gand,* id. 493.

JEFFERSON ORR, *pro se.*

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

In the brief filed in this court it is urged that the circuit court of Pike county had jurisdiction in the case for the purpose of construing the effect of the deed of assignment made by Kirkwood, Miller & Co.  The assignee had qualified under that deed of assignment, and it had been filed in the county court of Peoria county before the in-

stitution of this suit in Pike county, and the assignee had entered upon the discharge of his duties as assignee. The county court had jurisdiction to determine what property passed to the assignee by virtue of the assignment, and determine the rights of conflicting claimants, and for this purpose is, in effect, an insolvency court, clothed with legal and equitable powers to determine those questions. (*Hanchett* v. *Waterbury*, 115 Ill. 220; *Preston* v. *Spaulding*, 120 id. 208; *Wilson* v. *Aaron*, 132 id. 238; *Field* v. *Ridgely*, 116 id. 424.) The county court of Peoria county having such powers, under the law, with reference to the determination of the property assigned and conflicting claims, a court of equity of one county should not interfere where a court of law of another county has acquired jurisdiction of the subject matter and has power to determine the rights of the parties.

It is urged by appellants that as they were strangers to the record of the attachment case pending in the circuit court of Peoria county, they could not be bound by any judgment therein rendered. Their claim to the fund was of an equitable character, and the rule is well established in this State that courts of law will notice and protect the interests of equitable owners of choses in action in garnishee proceedings, which are of an equitable character. (*Hodson* v. *McConnel*, 12 Ill. 170; *Carr* v. *Waugh*, 28 id. 418.) Section 11, chapter 62, of the Revised Statutes, entitled "An act in regard to garnishment," is as follows: "If it appears that any goods, chattels, choses in action, credits or effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such manner as the court or justice shall direct." Under this provision of the statute the circuit court of Peoria county, having first obtained

jurisdiction in the proceeding before it, had jurisdiction and power to give appellants the relief that was sought under the original bill and the bill of interpleader, and to determine their right to the fund.

We concur with the Appellate Court in what is said in the opinion above cited, and its judgment is affirmed.

*Judgment affirmed.*