## Aaron Thomas et al., Defendants in Error, v. Joseph Olenick, Plaintiff in Error.

### Gen No. 13,864.

1. EVIDENCE—*what not prima facie proof of heirship.* The finding of the Probate Court that certain parties are the heirs of a particular decedent is not *prima facie* evidence of that fact in an action of forcible entry and detainer as long as an appeal from such finding of the Probate Court remains pending and undisposed of.

2. JURISDICTION—*when Municipal Court, without.* The Municipal Court is without jurisdiction to determine collaterally in an action of forcible entry and detainer a disputed question of heirship where such question is directly in issue in an appeal pending in the Circuit Court.

Forcible entry and detainer. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed. Opinion filed April 3, 1908.

ERNEST B. CRESAP and FRANK H. GRAHAM, for plaintiff in error.

JOHN M. HUMPHREY and J. MARION MILLER, for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The defendants in error—hereinafter called plaintiffs—obtained a judgment in forcible entry and detainer against the plaintiff in error—hereinafter called defendant. The plaintiffs brought suit, claiming to be the only heirs at law of Jane Ottman, deceased. The cause was submitted to the Municipal Court upon an agreed statement of facts. From that statement it appears, among other things, that at the time of her death said Jane Ottman was seized in fee of the premises described in the complaint, and that she left an instrument purporting to be her last will and testa-

ment, in which one John T. Schofield was named as sole ·devisee, legatee and as executor. The will itself is set forth at length in the said statement. The Probate Court has found that the decedent was not of sound mind at the time of the execution of said alleged will, and that it was not executed as by statute required. The will was therefore refused admission to probate. Thereafter Schofield perfected an appeal from that court to the Circuit Court of Cook county and upon the trial a jury found the instrument to be "the last will and testament of Jane Ottman, deceased." Thereupon the Circuit Court ordered the alleged will to be admitted to probate. An appeal was allowed but never perfected and no writ of error was sued out. In accordance therefore with the judgment of the Circuit Court the Probate Court on September 21, 1903, admitted the will to probate.

Subsequently one of the plaintiffs, Aaron Thomas, filed in the Probate Court his petition to set aside the probate of the will, alleging among other things that he and the other persons named in his petition were heirs of Jane Ottman. The subsequent proceedings are set forth in the opinion of the Supreme Court in Schofield v. Thomas, 231 Ill. 114, and need not be here repeated. By the judgment of that court it was ordered that the judgment of the Circuit Court dismissing the petition of the defendant Thomas, which petition submitted the validity of the alleged will for adjudication, be reversed and the cause was remanded with directions to the Circuit Court to proceed (upon a certain condition stated) "to a trial de novo of the issue whether the instrument in question is the last will and testament of Jane Ottman, deceased."

The question therefore is still pending as to whether the plaintiffs, claiming to be heirs at law of Jane Ottman, deceased, have any interest as such heirs in her estate. There is nothing in the agreed statement of facts tending to show that such question has been finally determined by a court having competent jurisdic-

tion. The order of the Probate Court refusing probate of the alleged will having been appealed from is not a sufficient basis for the present suit by plaintiffs. It furnishes no evidence upon which plaintiffs' claim of ownership or right to possession of the premises in question as alleged heirs at law of the deceased is or can be founded, pending the appeal to the only court having jurisdiction of the subject-matter and the parties.

It is urged in behalf of plaintiffs that the finding of the Probate Court to the effect that plaintiffs are the only heirs of Jane Ottman, deceased, is a sufficient *prima facie* showing of the alleged fact in the absence of proof to the contrary, to enable plaintiffs to maintain this suit; citing Ford v. Ford, 117 Ill. App., 502-508. The case is not in point. The alleged right of plaintiffs claiming as heirs of the deceased is in the case at bar directly attacked in the issue before the Circuit Court. In the Matter of Storey, 120 Ill. 244-253, it is said that when a party has properly perfected an appeal from an order of the Probate Court "he has done all that the law requires of him to divest the Probate Court of and invest the Circuit Court with jurisdiction of the matter appealed." In that "event the one court would lose and the other court acquire jurisdiction."

The Circuit Court having jurisdiction of the question whether the legatee Schofield or the plaintiffs are entitled to the premises in controversy, the Municipal Court had no authority to entertain the present suit and attempt to adjudicate collaterally the issue pending in the Circuit Court.

The judgment of the Municipal Court will therefore be reversed but the cause will not be remanded.

*Reversed.*