THE PEOPLE *ex rel.* A. H. Eminger *et al.* Appellants, *vs.* THE SANGAMON AND DRUMMER DRAINAGE DISTRICT, Appellee.

*Opinion filed February 23, 1912.*

1. JURISDICTION—*jurisdiction of the subject matter cannot be conferred by consent of parties.* A judgment rendered without jurisdiction of the subject matter, even by the consent of the parties, is void and may be disregarded.

2. DRAINAGE—*under section 58 of the Levee act a proceeding to annex lands must be in court where the district was organized.* Section 58 of the Levee act contemplates but two proceedings for the annexation of lands,—one before a justice of the peace and the other in the county court where the district was organized,—

and does not authorize a proceeding in another county court even though the land annexed lies in such county.

3. SAME—*fact that district may be sued in either county where land lies does not affect jurisdiction under section 58.* The fact that a drainage district embracing lands lying in two counties may be sued in either county has nothing to do with the special jurisdiction of a proceeding to annex lands under section 58 of the Levee act. (*Mason and Tazewell Drainage District* v. *Griffin,* 134 Ill. 330, distinguished.)

4. SAME—*what is not a proper replication in quo warranto.* In a *quo warranto* proceeding against the commissioners of a drainage district embracing lands in two counties, the questions whether any work has been done or the plans have been changed to the injury of the land owners are not good grounds for a replication to a plea setting up the organization of the district and the order of annexation of the lands of the relators.

APPEAL from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

A. L. PHILLIPS, M. H CLOUD, and F. M. THOMPSON, for appellants.

RAY & DOBBINS, and L. A. CRANSTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Sangamon and Drummer Drainage District, comprising lands in the counties of Champaign and Ford, was organized under the Levee act in the county court of Champaign county, in which county the greater part of the land was situated. Subsequently the commissioners of the drainage district filed their complaint in the county court of Ford county, praying that certain lands in Ford county contiguous to the district should be annexed to it. After a hearing, in which the land owners all participated, their objections were overruled and an order was entered annexing the land to the district. An information in the nature of a *quo warranto* having been filed in the circuit court of Ford county on the relation of the land owners, requiring

the drainage commissioners to show by what warrant they exercise jurisdiction over the lands in Ford county so purporting to have been annexed to the district, the respondents pleaded the proceedings in the county court of Ford county and the order of annexation. Two replications were filed to this plea: First, that the drainage district was organized in the county court of Champaign county and not of Ford county, wherefore the county court of Ford county had no jurisdiction to make the order annexing the lands; second, that neither at the time of filing the complaint for the annexation of the relator's lands, nor since, had any work been done by the district or any ditch been constructed, but that the plans of the work had since the alleged annexation been changed by order of the county court of Champaign county and the proposed ditch so reduced in size and capacity that it will be of no benefit to the land of the relators. A demurrer was sustained to these replications, judgment was rendered against the relators, and they have appealed.

The first and most important question presented is, did the county court of Ford county have jurisdiction to make the order of annexation? The answer depends upon the construction of sections 4 and 58 of the act under which the district was organized. Section 2 provides for the filing of the petition for the organization of the district in the county where the greater part of the lands to be affected shall lie. Section 4 provides that the county court in which the petition shall be filed may hear it at any term, and may determine all matters pertaining thereto and all subsequent proceedings of the district when organized. The words, "and all subsequent proceedings of the district when organized under this act," were not in the section as the act was originally passed, in 1879, but were added in the revised act passed in 1885. Neither did the act of 1879 provide for the annexation of territory not included within the

original district.   Section 58, which makes such provision, was added in 1885.   As since amended it is as follows:

"Sec. 58.  Any land lying outside of the drainage district as organized, the owner or owners of which shall thereafter make connection with the main ditch or drain or with any ditch or drain within the district as organized or whose lands are or will be benefited by the work of such district, shall be deemed to have made voluntary application to be included in such drainage district; and thereupon the commissioners shall make complaint in writing, setting forth a description of such land or lands, benefited, and amount of benefits; the name of the owner or owners thereof, also, a description of the drain or ditch making connection with the ditches of such district, as near as may be; and file said complaint in the county court or before a justice of the peace.   The court or justice of the peace shall fix a day, not less than fifteen days from such filing, when he will hear such complaint, and thereupon the commissioners shall give ten days' notice thereof in writing; said notice shall embrace a copy of such complaint, and service thereof shall be by reading or delivering a copy thereof to such owner or owners, or by either publishing a copy of said petition or posting copies thereof within the territory sought to be annexed in the same manner as provided by section 3 of said act; and affidavit of such service shall be evidence thereof.   At the time fixed, or at a time continued from such time fixed, the court or justice of the peace, shall hear said cause, and if the complaint is before a justice of the peace, and judgment is rendered in favor of said district, he shall record a copy of said complaint, and service of notice thereof together with his judgment thereon upon his docket, and if the district was organized before the county court, he shall transmit a certified copy of such complaint and judgment to the clerk of such court who shall file and record the same, or if the complaint was heard by the county court, in which such district

was organized and judgment given in favor of said district, a record of such judgment giving a description of such lands annexed shall be made, and such lands described in the complaint in either case, shall be deemed a part of such district and shall be assessed as other lands therein. The assessments of benefits against such lands so added to said district, may be made at any time the commissioners may deem proper; and the assessment roll thereof shall be filed and recorded and proceedings thereon had as in other cases; or such lands may be assessed when all lands throughout the district are assessed."

This section does not expressly state in what county the proceedings authorized by it shall be had, and the language does not leave it altogether free from doubt as to which county is meant. It is evident, however, that a record was intended to be kept in the court in which the district was organized, as well of all land annexed to the district as of the original boundaries, for the section provides for the transmission to the clerk of such court of a certified copy of the complaint and judgment when the proceedings shall have been had before a justice of the peace, and for the filing and recording of such copy. It also directs that if the complaint shall have been heard by the county court in which the district was organized and judgment given in favor of the district, a record of the judgment, giving a description of the lands annexed, shall be made, and such lands described in the complaint, in either case, shall be deemed a part of such district. No provision is made for the transmitting or recording of a certified copy of the judgment of a county court of a county in which the annexed lands are situated but in which the district was not organized. From this omission, and from the use of the words "in either case," in connection with the words in section 4 conferring on the county court in which the district shall have been organized, jurisdiction of all proceedings of the district subsequent to the organization, the

conclusion seems reasonably to follow that the legislature did not contemplate proceedings under section 58 in any other county court than that in which the district was organized, and that two cases, only, were within the intention of the legislature: proceedings before a justice of the peace, and those in the county court in which the district was organized.

This objection goes to the jurisdiction of the subject matter by the county court of Ford county. The appearance of the land owners in that court could not authorize it to proceed, for jurisdiction of the subject matter cannot be given by consent. A judgment rendered without jurisdiction of the subject matter, even by consent of the parties, is void and may be disregarded.

The case of *Mason and Tazewell Drainage District* v. *Griffin*, 134 Ill. 330, is cited as sustaining the jurisdiction of the Ford county court, but it is not in point. It was held there that a drainage district extending into two counties has a corporate existence in each county and is subject to the jurisdiction of the courts of either. But the fact that the district may be sued in the courts of either county has nothing to do with the special statutory jurisdiction conferred by section 58.

The second replication was bad. If the doing of work by the district was of any importance, the matter was only proper for consideration on the application for annexation by the court having jurisdiction of that subject matter. If the change of plan injured the land owners, that was a question to be submitted to the county court of Champaign county. Neither of those questions can be considered in a case of this character.

The judgment will be reversed and the cause remanded to the circuit court, with directions to overrule the demurrer to the first replication.

*Reversed and remanded, with directions.*