JAMES LINGLE, Appellant, *vs.* THOMAS ADAMS *et al.*
Appellees.

*Opinion filed October 28, 1913.*

1. DRAINAGE—*circuit and county courts have concurrent juris-diction in organizing district.* Under the statute the circuit court and county court have concurrent jurisdiction in the matter of organizing levee drainage districts, and the court first acquiring jurisdiction of particular territory will retain it to the exclusion of the other.

2. SAME—*when petition in county court is properly dismissed.* Where the circuit court has acquired jurisdiction over particular territory for the organization of a levee drainage district, a subsequent petition to organize a levee drainage district embracing a part of the same territory is properly dismissed on motion supported by a showing of the fact, and the county court would have no power to appoint commissioners, thereby assuming jurisdiction, and leave to the commissioners the matter of excluding in their report the land under the jurisdiction of the circuit court.

APPEAL from the County Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

JAMES LINGLE, *pro se.*

R. J. STEPHENS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 16, 1912, a petition was filed in the circuit court of Union county praying for the organization of the Preston Drainage-Levee District under the act to provide for the construction, reparation and protection of drains, ditches and levees across the lands of others for agricultural, sanitary or mining purposes and to provide for the organization of drainage districts, (Laws of 1879, p. 120,) and the several acts amendatory thereof. Notice was given of filing the petition, the court acquired jurisdiction and appointed commissioners, and the district was in

the process of formation. On January 16, 1913, a petition was filed in the county court of said county to organize a district, to be called Clear Creek Drainage and Levee District, under the provisions of the same act, with its amendments. That petition contained a list of owners of lands in the proposed district, with a description of the lands, containing over 39,000 acres, and including over 8000 acres of the Preston Drainage-Levee District, which was being organized in the circuit court. The appellees, Thomas Adams and others, moved the county court to dismiss the petition for want of jurisdiction, showing by their motion that the circuit court had acquired jurisdiction of a substantial portion of the lands described in the petition. The facts stated in the motion were admitted to be true, and the court sustained the motion and dismissed the petition. The appellant, James Lingle, who was one of the petitioners in the county court, appealed.

The circuit court and county court have concurrent jurisdiction to organize drainage districts under the act in question, and where two courts have concurrent jurisdiction, the court which first acquires jurisdiction retains it to the end of the proceeding, to the exclusion of the other court. (*Mail v. Maxwell,* 107 Ill. 554; *Howell* v. *Moores,* 127 id. 67; *Newman* v. *Commercial Nat. Bank of Peoria,* 156 id. 530.) The circuit court having obtained jurisdiction over the lands of the proposed Preston Drainage-Levee District for the purpose of organizing such district, that jurisdiction was exclusive and the county court had no power over them.

The appellant admits, in argument, that the circuit court had jurisdiction over more than 8000 acres of the land embraced in his petition to the county court and that no other court could acquire jurisdiction of these lands, but he insists that the county court had jurisdiction of the petition because under the act the commissioners might alter the boundaries and exclude those lands. He says that it is not

to be assumed that the commissioners, in reporting to the court, would include the lands of which the circuit court had jurisdiction or that the court would approve such a report, and that a report of this kind, and an order approving it, would be equally void. By appointing commissioners in pursuance of the petition the court would assume jurisdiction over the lands therein described and could not refer to the commissioners a question of law as to jurisdiction over a part of the lands. The owners of lands of which the circuit court had jurisdiction could not be required to answer in another court as to the formation of a district including their land, and where the court has no jurisdiction to act at all, the objection of want of jurisdiction cannot be obviated by saying that perhaps, in the end, the court may not do any harm. The court did right in dismissing the petition.

The judgment is affirmed.      *Judgment affirmed.*