Chicago City Bank and Trust Company, Plaintiff, v.
Martha Paschong et al., Defendants and Appellees,
and Mary Bromstedt et al., Defendants, and Sixty-
Third and Halsted Realty Company, Appellant.
Appeal of Sixty-Third and Halsted Realty Company,
Appellant.

Gen. No. 39,128.

Opinion filed October 23, 1936.

1

SILBER, CLAUSEN, HIRSH & WOLEY, of Chicago, for appellant; CLARENCE J. SILBER, DONALD N. CLAUSEN and NORMAN A. MILLER, of Chicago, of counsel.

CHARLES O. RUNDALL, of Chicago, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an order appointing a receiver upon the petition and motion of certain heirs of William Bromstedt, deceased. In addition to appointing a receiver the court ordered it to pay out certain sums of money to such heirs. The Sixty-Third and Halsted Realty Company, a corporation, hereafter called the realty company, appeals from this order, under the interlocutory statute, ch. 110, ¶ 206, Ill. State Bar Stats. 1935.

The realty company challenges the appointment of the receiver, and especially that part of the order awarding moneys in his hands to the petitioners. These petitioners assert that this court cannot properly consider, upon this interlocutory appeal, the orders disposing of the moneys which are final orders, and can consider only upon this appeal the validity of the order appointing a receiver. The realty company tacitly assents to this position and, we are informed, has filed a general appeal from the order distributing the funds coming into the hands of the receiver. We, also, are inclined to this view, and shall consider on this appeal only the order appointing a receiver.

Examination of the record leads us to the conclusion that the circuit court, which appointed the receiver, was without jurisdiction to do so, hence the order must be reversed.

It is necessary to consider, at least briefly, the transactions giving rise to this litigation. In March, 1922, William Bromstedt was the owner of the premises in

question, situated at the northwest corner of 63rd and Halsted streets in Chicago; his wife was Catherine L. Bromstedt, who had been declared an insane person and the Chicago City Bank and Trust Company appointed conservator of her estate.

March 6, 1922, William Bromstedt leased the premises to certain persons (names not important) for a term of 99 years, commencing May 1, 1934; the lessees' interests were subsequently acquired by the realty company; the lease provided that the lessees should be liable for no taxes accruing prior to January 1, 1934.

March 9, 1929, William Bromstedt died, leaving him surviving his widow, Catherine L. Bromstedt, an insane person, and five children, who are the petitioners here.

Prior to January 1, 1934, the date when the lessees assumed them, there were back taxes due and unpaid aggregating approximately $55,000. August 1, 1935, the county treasurer filed his complaint, asking for the appointment of a receiver of the premises and for leave to apply the income from the premises on the unpaid taxes accruing prior to January 1, 1934.

August 6, 1935, the realty company filed its complaint on the chancery side of the superior court of Cook county, alleging the facts with reference to the unpaid taxes accruing prior to January 1, 1934; alleged that if a receiver were appointed the right to possession by the realty company, as lessee, would be in jeopardy, and that it should not in equity and good conscience be forced to pay delinquent taxes on the premises and at the same time be compelled to pay rent under the terms of the lease; it asked for a construction of the lease with reference to the rights of the lessee to pay the delinquent taxes, and that the realty company be authorized to pay these delinquent taxes and deduct the amount so paid from rents due under the lease, and that the county treasurer be restrained from proceeding further under his pending suit.

September 10, 1935, the attorneys for the realty company deposited with the Continental Illinois National Bank and Trust Company moneys representing the rental due under the lease, with directions that it may be withdrawn upon the joint order of the conservator of the estate of Catherine L. Bromstedt and the heirs, subject, however, to the right of the realty company to withdraw the deposit if the amount had not been withdrawn by the first named parties.

Subsequently, on January 13, 1936, the Chicago City Bank and Trust Company, as conservator of the estate of Catherine L. Bromstedt, insane, filed in the circuit court of Cook county its complaint in the above entitled cause, in which it was alleged, among other things, that Catherine L. Bromstedt did not join in the execution of the 99-year lease; that she was entitled to an undivided one-third interest in the premises unincumbered by the lease, and she asked that the premises be partitioned among the several parties interested. The petition upon which the receiver in question was appointed was filed in this circuit court proceeding.

July 17, 1936, the petitioners filed in this cause their petition, alleging that a controversy exists relative to the validity of the 99-year lease; that the lessees have deposited in the Continental Bank a sum of money in excess of $33,000; that the petitioners are owners of two-thirds of the premises; that they are not questioning the validity of the lease and are therefore entitled to receive not less than two-thirds of the rentals provided in the lease and not less than two-thirds of the amount on deposit in the Continental Bank. It was alleged that the petitioners were in great need of funds to meet current expenses, and they asked that a receiver of the premises be appointed and directed to take possession of the funds held by the Continental Bank, to collect all rents due or to become due on the premises and to hold such funds subject to the order of

the court. They also asked that the receiver be directed to pay to petitioners not less than two-thirds of the accumulated rental deposited.

The realty company filed its answer, setting forth the matters which we have recited above, namely, the arrearages of taxes accruing prior to January 1, 1934, and prior to the date when the obligation for them is imposed on the lessees; the filing of the suit by the county treasurer asking for a receiver of the premises, the filing of the complaint by the realty company in the superior court of Cook county on August 6, 1935, and the pendency of that suit, which involves the disposition of the moneys which petitioners say should be paid to them, and that pending the determination and adjudication of the cause in the superior court petitioners were not entitled to any portion of this fund.

July 17, 1936, the chancellor in the circuit court appointed the receiver, with directions to pay two-thirds of the moneys as prayed for by the petitioners.

The realty company says that the appointment of a receiver by the circuit court of the deposited rents and rents to be collected was an unwarranted interference with the prior and superior jurisdiction of the superior court over the same subject matter. It has been held in many cases that where two courts each take jurisdiction of a matter, that court in which the first action was brought, if the action be of a character that makes the court's dominion over the *res* essential to its judgment, will acquire jurisdiction of the *res* on the commencement of the action and retain it to the end. *Ward v. Foulkrod,* 264 Fed. 627. In *Nolan v. Barnes,* 268 Ill. 515, the rule was definitely stated as follows:

"It is elementary that the court first lawfully obtaining jurisdiction will retain it until the end of the controversy and to the exclusion of all others; also, that no other court, even of concurrent jurisdiction, can or will make findings or orders which have any bearing

upon the issues in the court originally entertaining the cause." See also, to the same effect, *Royal League v. Kavanagh,* 233 Ill. 175. In *Farmers' Loan & Trust Co. v. Lake St. Elevated R. Co.,* 177 U. S. 51, involving the Illinois rule, the court said: "The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of coordinate jurisdiction from exercising a like power." See also *Harkin v. Brundage,* 276 U. S. 36, and 15 C. J. 1134. This rule is so firmly established as to make further citations unnecessary.

The *res* involved in the prior superior court suit, brought by the realty company, was the rental under the lease; the prayer of its complaint was that the court should decree the lessees to pay all back taxes and to deduct the amount so paid from the rent due under the lease. Clearly, in order to permit the superior court to make effective any judgment or decree which might be entered in that cause, its dominion and jurisdiction over the moneys in question should not be disturbed. Assuming that the superior court should enter a decree as prayed for by the realty company and it should be found that the receiver in the circuit court had possession of the money or had already distributed it, the decree of the superior court would have nothing upon which to operate and would be merely an empty gesture.

The pleadings before the circuit court chancellor apprised him of all of these facts. The petitioners should have been sent to the superior court to make application for a receiver.

The appointment of the receiver herein was an attempt to oust the superior court of the jurisdiction over a subject matter which it had obtained long prior to the filing of the petition herein.

Applying the above rule to the facts disclosed by the record, we hold that the order of the circuit court appointing the receiver was improper and it is therefore reversed.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.