People of State of Illinois ex rel. Minnie Deynes et al., Appellees, v. Judson E. Harriss, Judge of County Court of Perry County, Illinois et al., Appellants.

Term. No. 47,014.

Opinion filed January 26, 1948.
Rehearing denied February 24, 1948. Released for publication February 26, 1948.

L. P. Harriss, of Du Quoin, and George W. Dowell, of Salem, for appellants.

House & House, of Nashville, and Philip G. Listeman, of East St. Louis, for appellees; Wilbert Hohlt, of Nashville, and Lloyd Middleton, of St. Louis, Mo., of counsel.

Mr. Justice Smith delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Perry county, entered February 5, 1947, awarding a writ of mandamus to compel the respondent, Judson E. Harriss, as judge of the county court of said county, to expunge from the records of the county court certain entries made by him vacating an order of his predecessor, which disallowed the probate of the will of Charles J. Leich, and admitting said will to probate

and appointing an administrator with the will annexed. The petitioners appellees will hereafter be referred to as petitioners and Judson E. Harriss, respondent appellant, will be hereafter referred to as respondent.

On May 17, 1941, Charles J. Leich died a resident of Perry county, owning real estate consisting of two farms of the value of approximately $25,000, and personal property worth about $20,000. He left surviving as his only heirs, Ben H. Leich, A. E. Leich, Wm. H. Leich, Minnie Deynes, Mabel Kock and Ida James, his sons and daughters; Frances Weiss and Ida Mae Neudeck, granddaughters, the children of Charles J. Leich, a predeceased son, and Wilma Jean Leich, a granddaughter, the child of Louis A. Leich, a predeceased son. Administration on his estate was commenced soon after his death as an intestate estate.

On May 29, 1942, Ben H. Leich, one of the sons, filed a petition in said county court to establish a purported lost or destroyed will, which devised one of the farms to Ben H. Leich and the other to Louis A. Leich and the personal property was bequeathed in equal parts to the other children of the decedent. Proper notice was given and after certain pleadings were disposed of said petition was heard August 17, 1942. The minutes on the judge's docket of that date show that witnesses were sworn and heard and that the cause was taken under advisement and briefs ordered filed. On December 1, 1942, J. HOWARD BAGWILL, county judge, who heard the evidence, made the following entry on his docket: "Petition to probate will denied. Probate of instrument purporting to be the last will and testament of Charles J. Leich, deceased, refused." The clerk of the court did not write an order expanding the minutes on the judge's docket.

On December 7, 1942, JUDGE BAGWILL was succeeded by the respondent. On December 17, 1942, Ben H. Leich prayed an appeal to the circuit court and the

respondent entered an order allowing the appeal and fixing and approving the appeal bond.

The cause was tried *de novo* in the circuit court on February 6, 1943, and on April 19, 1943, said court entered an order dismissing the appeal of Ben H. Leich. It is not clear from the record why the appeal was dismissed. But the cause was heard with a motion made by appellees to dismiss the appeal on the grounds that there was no order in the cause upon which an appeal could be predicated, that there was no good and sufficient bond for costs of said appeal and that the appellant failed to pay fees of appeal within time required. There was no further appeal from the judgment of the circuit court dismissing the appeal.

On July 6, 1943, Ben H. Leich filed a motion for a new trial in the county court and prayed that the order of December 1, 1942, be vacated and that he be given a new trial on his petition to admit the purported lost or destroyed will to probate. This motion was continued until March 9, 1945, when after hearing, respondent entered an order granting a new trial and vacating and setting aside the former order of the court, entered December 1, 1942, which denied the probate of said lost or destroyed will. The respondent gave as his reasons for vacating said order, that the minutes of the court were not entered by the clerk as the final order or judgment; that upon appeal the circuit court held there was no proper judgment on which an appeal could be based and that the judge who entered the former order had certain political motives.

The petition to admit said purported lost or destroyed will to probate was set for hearing, proper notice was given of said hearing, and on July 30, 1945, a copy of the alleged lost or destroyed will was admitted to probate by the respondent and George Ulrich was appointed administrator with the will annexed.

Thereafter. the petitioners filed their complaint for mandamus on August 26, 1946, in the circuit court, and asked that a writ of mandamus be awarded directing the respondent to vacate and expunge the orders entered by him on March 9, 1945, and July 30, 1945, and to order the record of the alleged will removed from the records of the county court, on the ground that said orders were void because respondent had no jurisdiction to enter them.

After filing a motion and supplemental motion to strike the complaint, which was overruled, the respondent answered the complaint and attempted to justify his actions on the grounds that, (1) the order of December 1, 1942, was not a judgment, since it was not signed by the judge and was not entered of record by the clerk; (2) because he conducted a hearing on the motion for new trial July 6, 1943, at which time the interested parties were present; and (3) because the county court had continuing jurisdiction over the estate, and all proceedings therein, until final settlement.

After issues were joined the case was tried before the court there was no controversy on any issue of fact and the proof consisted primarily of the records of the proceedings in the county and circuit courts. The testimony of the respondent showed that his orders were based on the theory that the minutes entered by his predecessor December 1, 1942, did not constitute a valid judgment.

The evidence introduced failed to show any fraud in entering the order of December 1, 1942, or to indicate that JUDGE BAGWILL had been prompted by political motives in entering said order.

A writ of mandamus was ordered to issue and respondent filed a motion for a rehearing and new trial, which the court denied.

On this appeal the respondent contends that the circuit court erred in failing to grant respondent's

motion to dismiss the petition at the close of petitioner's evidence, for the reason that the petitioners failed to allege and prove a demand upon the respondent to perform the act sought to be coerced. However, neither the respondent's motion to dismiss nor his answer pointed out this defect. Objections to the sufficiency of the pleadings, either in form or substance, must be made in the trial court and if not so made they will be considered waived and cannot be raised for the first time on appeal. (Ill. Rev. Stat. 1947, ch. 110, par. 166 [Jones Ill. Stats. Ann. 104.042]; *Kunde v. Prentice,* 329 Ill. 82, 86.)

The only issues before this court are; (1) Did the minutes entered by JUDGE BAGWILL, December 1, 1942, which denied the probate of the purported lost or destroyed will, constitute a final and binding order? (2) Did the respondent have jurisdiction to vacate that order and enter an order admitting the will to probate and appointing an administrator with the will annexed?

We are of the opinion that the minutes of JUDGE BAGWILL, written on his docket December 1, 1942, constituted a binding judgment of that date even though a formal judgment was not written on the record by the clerk. The following cases, cited by the petitioners, clearly establish this holding.

In the case of *People v. Bristow,* 391 Ill. 101, p. 114, appears this language, "The entry of the judgment on the record was the ministerial act of the clerk, which the statute required him to perform as soon after the rendition or making thereof as practicable. (Ill. Rev. Stat. 1943, ch. 25, par. 14 [Jones Ill. Stats. Ann. 24.14].) The failure of the clerk to perform the duty imposed on him by law had no effect on the judgment. (*People v. Petit,* 266 Ill. 628.) The court, of which he was clerk, had the power to compel him to discharge his duty and write up the formal judgment at any time after the pronouncement was entered in

the judge's minutes. A judgment exists from the time the court acts, even though it may not have been formally written on the record by the clerk.'' In the case at bar a new clerk took office a few days after the minutes were entered. The failure of the clerk, or his successor, to perform this ministerial duty could not effect the validity of this order. The clerk might be subject to a fine for failure to perform his duty but it was not intended that the litigants should be penalized by the loss of the results of their litigation. (*People v. Petit,* 266 Ill. 628.)

In the case of *People v. O'Connell,* 394 Ill. 409, where there was an appeal from an order of the circuit court of Cook county dismissing a petition for a writ of mandamus to compel the respondent, JOHN F. O'CONNELL, as judge of the probate court, to expunge from the records of the probate court certain entries which purported to admit to probate a last will and testament, the court, in affirming the court below, said at page 415, ''It is also contended by the appellants that there never was an order of the probate court admitting the will and codicils to probate. No authority is cited by appellants to the effect that an order admitting a will to probate is necessary. Section 69 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 221 [Jones Ill. Stats. Ann. 110.318],) and section 75 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 227 [Jones Ill. Stats. Ann. 110.324],) do not contemplate the necessity of a formal order of court admitting the will to probate.'' If a formal order is not considered necessary to admit a will to probate it would be inconsistent to hold that one is essential to deny a will to probate.

Also in point is the case of *People v. Jarecki,* 352 Ill. 207, where the court at page 210, said, ''A judgment at law becomes effective as soon as it is pronounced by the court. In the nature of things a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it

is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record.''

■ The respondent contends that the failure of JUDGE BAGWILL to sign the minutes renders them ineffective. We do not subscribe to this view. No proof is offered to show that the minutes entered December 1, 1942, were not the act of the then judge of the county court and the evidence indicates that they were entered by JUDGE BAGWILL. The fact that they were not signed is immaterial.

The meaning of the minutes made by JUDGE BAGWILL is clear and unmistakable. They left nothing to conjecture and the fact that an appeal was taken to the circuit court by the adverse parties shows that they understood their meaning. It is not clear from the record why this appeal was dismissed by the circuit court. The respondent contends that it was dismissed because the court did not consider that an appealable order had been entered in the probate court. Whether, or not, this was the reason for the action of the circuit court, the dismissal of the appeal left the order of the probate court in effect and if the aggrieved parties were dissatisfied with the decision they could have taken a further appeal.

■ ■ An order of the probate court allowing or disallowing probate of a will is final and conclusive unless reversed on appeal. (*In re Estate of Blyman,* 382 Ill. 520, 527.) To hold otherwise would create chaos in the administration of all testate estates. While the jurisdiction of the probate court over an estate is a continuing one this does not permit the court to vacate orders entered more than 30 days after their entry, unless there is some showing of fraud or other justifiable reason.

■ ■ As to the second issue stated above, it is our opinion that the respondent did not have jurisdiction to vacate the order entered by JUDGE BAGWILL Decem-

ber 1, 1942, because this matter had been determined in a valid and binding order by his predecessor. For the same reason the respondent did not have jurisdiction to enter an order admitting said will to probate and to appoint an administrator with the will annexed. It follows that since the order of JUDGE BAGWILL was valid and was not reversed on appeal that the respondent could not do what the circuit court on appeal had refused to do. The orders entered by the respondent were void and mandamus is a proper remedy to expunge void orders entered by a court of inferior jurisdiction. (*People v. Thompson,* 358 Ill. 81, 92; *People v. Petit,* 266 Ill. 628.)

From all of the facts and circumstances in evidence it appears that the petitioners have proven a clear legal right to the writ of mandamus issued by the circuit court.

The order of the circuit court issuing a writ of mandamus is affirmed.

*Order affirmed.*

BARTLEY, P. J., and CULBERTSON, J., concur.