People of the State of Illinois ex rel. John M. Kagy,
Conservator of Beth M. Dunham, Incompetent,
and Beth M. Dunham, by Benjamin Wham, Her
Attorney and Next Friend, Petitioners-Appellees,
v. Charles G. Seidel and Lionel E. Clark, Acting
Judges, and Robert Jerome Dunne, Judge of the
Probate Court of Cook County, Respondents-Ap-
pellants.

Gen. No. 47,600.

First District, First Division.

May 18, 1959.

Rehearing denied and opinion modified
September 14, 1959.

Released for publication September 15, 1959.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley, Henry W. McGee, Jr., Assistant State's Attorneys, of counsel), for respondents-appellants.

Yowell & Yowell, of Chicago, for John Kagy, Conservator of Beth M. Dunham, incompetent, and Benjamin Wham, of Chicago, attorney and next friend of Beth M. Dunham, incompetent.

■■■■■■■■■■■■■■

Miller, Gorham, Wescott & Adams, of Chicago, Amicus Curiae.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order of the Superior court of Cook county, directing the respondent judge and the acting judges of the Probate court of Cook county to expunge certain orders entered by the Probate court in the cause entitled, "Matter of Beth Dunham, Incompetent," and from the dismissal of the counterpetition of the respondent judges for the issuance of a writ of mandamus directed to the judge of the County court of Marion county, Illinois.

The contest involves jurisdiction of the estate of one Beth M. Dunham, alleged to be incompetent. The Probate court of Cook county (Probate court) first took jurisdiction, but the County court of Marion county (County court) also acquired jurisdiction of the person and subject matter and appointed a conservator before the Probate court had acted. The Probate court nevertheless continued to enter orders but did not appoint a conservator. Finally, the Probate court impaneled a jury to try issues of competence and residence, and the jury found that Beth Dunham was not a resident of Cook county. The Probate court accepted the finding and dismissed the suit. From that order an appeal was taken to the Circuit court, which appeal, if allowed, would mean a trial de novo on the issues of residence and incompetency.

Thereupon, the Marion county conservator, in an effort to avoid a trial de novo and to terminate the proceedings, sought and obtained an order granting the writ of mandamus before referred to (being the order appealed from) directing the judges of the Probate court to expunge orders entered November 15, 1957, and May 20, 1958. The conservator contends that

318

after his appointment by the County court, the Probate court was without jurisdiction to enter further orders. In the order of November 15, 1957, the acting judge of the Probate court had denied a motion for change of venue, denied a motion to transfer the cause to the County court, entered specific orders to the conservator and the Sheriff of Marion county, and transferred the cause to Judge Dunne, to be set for hearing. In the order of May 20, 1958, which followed the verdict of the jury and dismissal of the Probate court proceeding, the Probate court had fixed the amount and conditions of an appeal bond. If the writ is sustained, it means that the proceeding in the Probate court will be terminated. As we have come to the conclusion that the writ was properly issued, we need not detail the melange of pleadings and proceedings in which this case is involved, but will go directly to determination of whether the Probate court could take further proceedings following the appointment of a conservator by the County court.

■■ The legal issue we are called upon to decide may be stated thus: If one court has validly assumed jurisdiction of a matter, may another court of concurrent jurisdiction preempt that assumed jurisdiction by proceeding to judgment first? Two principles of law, appearing to be contradictory if not carefully scrutinized, seem to apply. The first is that once a court validly takes jurisdiction of a matter, it is not proper for another court to interfere with that jurisdiction. Nolan v. Barnes, 268 Ill. 515, 109 N. E. 316. Such interference is error on direct appeal. Chicago City Bank & Trust Co. v. Paschong, 287 Ill. App. 1, 4 N.E. 2d 254. The second principle is that while not proper for another court to interfere, nevertheless if, having jurisdiction of the subject matter and the person, the court proceeds to grant the relief sought and renders judgment therein, that judgment is res judicata and

319

is conclusive in any other action, although the other action was commenced before commencement of the action in which judgment was rendered. Restatement, Judgments, Sec. 43; 50 C.J.S., Judgments, 602. Balsewicz v. Chicago, B. & Q. Ry. Co., 240 Ill. 238, 88 N. E. 734; Miller v. Rowan, 251 Ill. 344, 96 N. E. 285; Kewanee Lumber & Supply Co. v. Guest Laundry Co., 306 Ill. App. 491, 29 N.E.2d 115.

What the courts sought to do by these principles is obvious. There are two races involved in this sort of struggle for control of an estate. There is the race to get the suit filed first, and then there is the race to get a judgment first. To avoid the log jam of a contest between two courts of equal jurisdiction, it has been held that once a court has rendered judgment, that judgment could be subjected only to direct attack.

The cases relied upon by respondents do not hold that where a court which has jurisdiction to hear and determine a case proceeds to final judgment, such a judgment is void because another suit is pending and undisposed of which was filed previously. What the cases relied upon do hold is that such a decree is erroneous and will be reversed on direct appeal.

█ █ Accordingly, when the Probate court assumed jurisdiction of the matter, it did not divest other properly constituted courts of concurrent jurisdiction, but it did make the exercise of the coordinate jurisdiction by another court improper. The County court by first proceeding to judgment in a matter pending before the Probate court entered a valid but improper judgment. That judgment was subject to direct attack on these grounds. Newman v. Commercial Nat. Bank of Peoria, 156 Ill. 530, 41 N. E. 156; Lingle v. Adams, 259 Ill. 522, 102 N. E. 1010; St. Louis Merchants Bridge Co. v. Eisele, 263 Ill. 50, 104 N. E. 1013; Thomas v. Olenick, 140 Ill. App. 385; Chicago

City Bank & Trust Co. v. Paschong, 287 Ill. App. 1, 4 N.E.2d 254. In the Newman, Thomas, and Chicago City Bank cases, supra, the judgments were reversed for improperly entertaining the subsequent action. In the Lingle and St. Louis Merchants cases, supra, the judgments were affirmed for refusal to entertain subsequent action. All these were on direct appeal. No such appeal was taken from the judgment of the County court, and we will now consider the cases holding that in the absence of a direct attack on the judgment, it was binding on the Probate court.

██ It is clear that no collateral attack may be made on the orders of a probate court on the ground of the incompetent's lack of residence within the county over which the court exercises jurisdiction, Balsewicz v. Chicago, B. & Q. Ry. Co., 240 Ill. 238, 88 N. E. 734. This rule has been affirmed in Bremer v. Lake Erie & W. R. Co., 318 Ill. 11, 148 N. E. 862; Wandschneider v. Wandschneider, 282 Ill. 286, 118 N. E. 486; In re Estate of Trost, 292 Ill. App. 60, 10 N.E. 2d 857; Gearty v. L. Fish Furniture Co., 289 Ill. App. 538, 7 N.E.2d 493. Accordingly, the question of the actual residence of Beth M. Dunham, whether in Cook county or Marion county, cannot be raised collaterally.

██ Where jurisdiction exists, but its exercise is improper because another court of concurrent jurisdiction has instituted proceedings, the judgment entered by the court first to judgment is valid but improper and is not subject to collateral attack. Miller v. Rowan, 251 Ill. 344, 96 N. E. 285; Balsewicz v. Chicago, B. & Q. Ry. Co., 240 Ill. 238, 88 N. E. 734.

The respondents rely on cases to support their position, which we feel are not applicable. Sangamon and Drummer Drainage Dist. v. Eminger, 257 Ill. 281, 100 N. E. 906, concerns the organization of a drainage district. The first filed action was instituted in the Champaign county court. The Ford county court pro-

321

ceeded to judgment first. The Supreme court held the Ford county court action void. Respondents contend that this case controls the instant case. However, that was one of three cases concerning the same subject matter (the other two being People v. Sangamon and Drummer Drainage Dist., 253 Ill. 332, and Drummer Creek Drainage Dist. v. Roth, 244 Ill. 68), involving jurisdiction pursuant to the Levee Act. As we read those three cases, the court so construed the Levee Act that jurisdiction of the subject matter was made to depend upon where the particular land sought to be annexed was located and also upon whether the land sought to be annexed was benefited by the works of the drainage district seeking to annex it. We do not consider this as precedent for the question before us.

Nolan v. Barnes, 268 Ill. 515, 109 N. E. 316, involves a peculiar fact situation resulting in possible inequitable operation of the facts upon the heirs-at-law of the deceased—the fact that a contrary result would have deprived the appellant of the right of cross-examination, and would have allowed a party to establish ex parte a table of heirship which could neither be disputed nor disproved, for want of opportunity.

Most applicable to the facts of the instant case is Kewanee Lumber & Supply Co. v. Guest Laundry Co., 306 Ill. App. 491, 29 N.E.2d 115. There, it was contended that since the Circuit court had first assumed jurisdiction on a foreclosure of lien action, a later validation of the lien by the City court in another action was void. The court held that the first judgment in the same cause of action constituted an effective defense without regard to the order of time in which the suits were commenced. The first court to judgment entered a valid order, in that it could not be attacked collaterally. The court held, p. 497: "It is the first judgment for the same cause of action that

constitutes an effective defense without regard to the order of time within which the suits were commenced."

The County court validly exercised its jurisdiction and reached a judgment binding on all parties in any collateral attack. Accordingly, the appointment of a conservator by the County court on April 30, 1957, is valid. This being true, the orders of the Probate court of November 17, 1957, and May 20, 1958, were entered by a court that no longer possessed power to adjudicate the issues. The order of the County court called a halt to the jurisdiction of the Probate court.

██ ██ If the order of the County court was valid, as we have held, then the Probate court could not enter an order appointing another conservator, and proceedings to that end must be held invalid unless and until the order of the County court was reversed. Mandamus is the proper remedy to expunge void orders. People ex rel. Deynes v. Harriss, 333 Ill. App. 280, 77 N.E.2d 439.

For the foregoing reasons, the order of the Superior court of Cook county expunging the orders of November 13, 1957, and May 20, 1958, and dismissing the counterpetition in mandamus is affirmed.

Order affirmed.

McCORMICK, P. J. and DEMPSEY, J., concur.