Isham Reavis and Sarah Reavis, being minors, sue by their next friend, Mary N. Carr *et al.*, Plaintiffs in Error, *v.* James Fielden, Defendant in Error.

### ERROR TO CASS.

Where a mortgage was given concurrently with a note, and a contract for a sale of land, which the mortgagee had the option not to take, if he should so declare before a certain day; on a proceeding to foreclose such a mortgage against the heirs of the mortgagor, some of whom are minors, a decree should not be entered without proof of the execution or existence of the note, and proof that the mortgagee had given notice, in proper time, of his election not to take the land, which he had contracted to purchase.

Full proof is necessary in equity proceedings against infants; which should be preserved of record, no matter what answer the guardian *ad litem* may make for the infants.

In April, 1844, James Fielden filed in the circuit court of Cass county, a bill in chancery to foreclose a mortgage, making Mary N. Carr, formerly Reavis, William, Carroll, Daniel, Therese, Isham, Mahala Reavis, Jr., and Sarah Reavis, heirs at law, Mahala Reavis, widow, and James Berry, administrator of Isham Reavis, deceased, parties defendant.

The bill alleges, that on the 4th of August, 1842, Isham Reavis was indebted to Fielden by a note of that date in the sum of thirteen hundred dollars, and that to secure said note, Reavis and his wife, Mahala, executed to Fielden a mortgage on certain real estate in Cass county; that the mortgage was duly acknowledged and recorded; that at the time the said mortgage was executed, Reavis contracted with Fielden to sell to him his farm in Cass county, including the mortgaged premises and some other lands, with the privilege that Fielden need not take the farm on said contract if he should so conclude on or before the 25th day of December, 1843. Plaintiffs allege that before that day Fielden concluded not to take said farm, and notified the administrator of Reavis to that effect.

Isham Reavis died on 19th August, 1843, leaving Mahala, his widow, and the following children, viz.: Mary N. Carr (formerly Reavis), William, Carroll, Daniel, Therese, Isham, Mahala and Sarah Reavis, the last named seven being minors; that James Berry is administrator, and that no part of the thirteen hundred dollars named in the said mortgage has been

paid, makes said widow, heirs and administrator parties; prays process against them; and that on final hearing a decree be entered for the payment of the said thirteen hundred dollars, and interest from 25th December, 1843, or in default, a foreclosure and sale. A copy of the said mortgage and note were filed with the said bill. Also, a copy of an agreement of sale by Reavis to Fielden, of a farm on which Reavis lives, part of said farm being included in the mortgage, the agreement and mortgage are of even date. The agreement recites that if Fielden on or before the 25th December, 1843, concludes not to take the farm, he has the privilege of giving it up, and said Fielden has advanced to said Reavis thirteen hundred dollars for the use of which he, Fielden, is to have the use of certain houses and land on said farm until 25th December, 1843, if Fielden, by the 25th December, 1843, concludes to take the farm, the thirteen hundred dollars advanced shall be considered the first payment on the farm. The price agreed on is seven dollars and fifty cents per acre. Fielden to have any length of time he pleases to pay the balance, with six per cent. per annum interest, to be secured by mortgage.

On the 16th May, 1844, John W. Piatt, who describes himself as guardian *ad litem* of William, Carroll, Daniel, Therese, Isham, Mahala, Jr., and Sarah Reavis, answers "that so far as he is informed as to the execution of the mortgage deed and agreement, he believes them to have been executed as set forth in complainant's bill, and as to fact of non-payment of money secured by said deed, he not being sufficiently advised, neither admits nor denies."

This answer is *sworn to*. James Berry, the administrator, answers that the allegations of the bill as to the mortgage and agreement are true, and avers that the complainant has filed in the office of the probate justice of Cass county, the claim secured by the mortgage and the whole of said claim has been allowed against the personal estate of Isham Reavis, deceased.

On the 17th May, 1844, an order was entered appointing Piatt guardian for the said minors, and further reciting that it appearing that all the defendants (naming them) had been served with process, and Mahala Reavis, the widow, and Mary N. Carr having made default, the bill is taken for confessed as to them. And the court having examined complainant's bill, and the answers of James Berry, administrator, and John W. Piatt, guardian *ad litem*, for the minor heirs of Isham Reavis (naming them), and being satisfied that the allegations of complainant's bill are true, ordered that the respondents pay to complainant the sum of money due him by virtue of the mortgage deed set forth in complainant's bill, by the first day of

the next term of the court, and that in default thereof the premises described in said mortgage deed be ordered to be sold, and the defendants foreclosed of their equity of redemption therein.

On the 2d August, 1844, the said Fielden files an amended bill alleging that James Carr is intermarried with Mary N. Carr, one of the heirs of Isham Reavis, deceased, praying that he may be made respondent, and that he answer, etc. An affidavit of the non-residence of Carr is also filed.

On the 2d September, 1844, Carr answers that he believes the several allegations of the bill are true, and consents that a final decree be entered at next term.

In October, 1844, a decree was entered reciting that it appearing that respondents having failed to comply with the interlocutory decree, and it appearing further that James Carr, who was made a party at last term, had answered confessing allegations of bill and consenting to a decree at present term, it is ordered that respondents (naming all but Isham Reavis, who is omitted) be foreclosed. And it appearing that there is due complainant, by virtue of the note and mortgage set forth in bill, the sum of thirteen hundred and ninety-one dollars and sixty-five cents and costs of suit, it is ordered that the mortgaged premises (describing them) be sold for cash to pay the said debt to complainant and costs of suit, with interest thereon, until the execution of the decree.

A commissioner was appointed who was directed to advertise and sell. Complainants to have leave to bid to the extent of the debt without paying any money, the commissioner to report proceedings.

At the May term, 1845, the commissioner reported a sale in parcels of the mortgaged premises to James Fielden, complainant below—the sale amounting to twelve hundred dollars—complainant being the purchaser.

The report was approved at May term, 1845, and the commissioner was desired to make a deed at the expiration of the time of redemption, if not redeemed.

Errors assigned :

1. Rendering the decrees without answer of the guardian denying the allegations of the bill in issue.

2. Permitting the answer of the administrator Berry, and of James N. Carr to be used as evidence against other defendants, especially the minors.

3. Rendering an interlocutory decree against Mary N. Carr, a married woman, her husband not being a party to the bill.

4. Rendering decrees against minors without proof of the material allegations of the bill.

5. Rendering an interlocutory decree against minors on statements in answers of administrator and guardian, and wholly without proof of the bill.

6. Not finding in the interlocutory decree the amount due on the mortgage.

7. Permitting the amendment (if it has been permitted) of making Carr a party without setting aside the interlocutory decree as to his wife, Mary N. Carr, and the other defendants.

8. Rendering a final decree, James Carr being a party, without leave, and allowing an interlocutory decree to stand after introducing a new party to the record.

9. In rendering decrees without proof of recision of contract "B," alleged in bill.

10. In rendering a final decree without proof of all the material allegations of the bill.

11. Rendering a decree without proof of the execution of the note and mortgage, and of all the other allegations of the bill.

12. The court erred in each and every decree in the case, and in not dismissing the bill.

M. HAY and J. GRIMSHAW, for Plaintiffs in Error.

S. T. LOGAN, for Defendant in Error.

SKINNER, J.   In 1844, Fielden filed his bill in equity against the heirs of Reavis and others to foreclose a mortgage. The bill alleges the execution of the mortgage by Reavis to Fielden in 1842, to secure the payment of a promissory note concurrently therewith executed and payable on the 25th day of December, 1843; that Reavis died in August, 1843, leaving eight of the defendants his heirs at law, seven of whom are infants; that the mortgage debt remains due and unpaid; that at the time of the execution of the mortgage it was in writing agreed, that Reavis should sell and convey unto Fielden a certain farm, including the mortgaged lands, at seven dollars and a half per acre, the mortgage debt to be treated as the first payment therefor, and the balance to be paid at a future time with interest; that Fielden should have possession under the contract of certain portions of the land, and that, if Fielden should, on or before the 20th day of December, 1843, conclude not to take the farm he should have the right so to do, and in case of Fielden rescinding the contract of sale, as provided, the possession of the land, and some other things named, should operate as satisfaction for the use of the money secured by the mortgage; that Fielden did, on or before the 25th day of December, 1843, conclude not to take the

farm and notified the administrator of Reavis (one of the defendants), to that effect.

A guardian *ad litem* for the infant defendants was appointed and put in an answer substantially admitting the allegations of the will. The court rendered a decree in favor of Fielden for the mortgage debt, barring all equity of redemption, and directing a sale of the mortgaged premises to satisfy the decree and costs.

So far as the record shows, this decree was made without any proof of the execution or existence of the promissory note, or of the allegation of rescission of the contract of sale.

The debt secured by the mortgage could not have been enforced without a rescission of the contract of sale, and this depended upon the election and act of Fielden. The execution of the note, mortgage and contract were simultaneous, and formed one transaction. It was necessary, therefore, for Fielden to prove a rescission of the contract of sale on or before the 25th day of December, 1843, and something more than a mere act of the will, on his part, was necessary to constitute such rescission. The party in interest should have been notified of his election to rescind, and have been afforded an opportunity of obtaining possession of the land he had got possession of under the contract. The promissory note should also have been produced and proved as evidence of the mortgage debt, and without which the mortgage deed, the incident, would be of no force.

It has often been held by this court that full proof is necessary in equity proceedings against infants, no matter what answer may be made for them by their guardian *ad litem*, and that the record must in some way contain and preserve such proof, so that upon inspection of the record the facts appearing shall justify the decree against them. *McClay* v. *Norris*, 4 Gil. R. 370; 11 Ill. R. 255; 11 ibid. 260; 15 ibid. 10; 16 ibid. 354; 17 ibid. 602.

Decree reversed and cause remanded.

*Decree reversed.*