## LAUGHLIN MOORE

### *v.*

## CHARLES W. MUNN *et al.*

1. MISTAKE—*reforming deed for.* A party has the right to call upon a court of equity to have mistakes in a deed for land claimed by him corrected, but clear proof is required. Where the truth of the bill is admitted by demurrer, and the allegation showing the mistake is clear and positive, the party will be entitled to have it corrected.

2. TRUST—*enforcing a conveyance of the legal title.* Where the president of a bank took a conveyance of land in his name in payment of a debt due the bank, in trust for the use and benefit of the bank, and the interest of the bank was sold and conveyed by a receiver appointed in New York, where the bank was, it was *held*, that the grantee of the receiver, as *cestui que trust*, was entitled to have a decree requiring the widow and heirs at law of the president to convey the legal title to him.

3. PARTIES IN CHANCERY. Where the president of a bank took a conveyance of land to himself, in trust for his bank, and the interest of the bank in the land was sold and conveyed by a receiver of the bank to the complainant, and A and B claimed title also under a deed made by a subsequent president of the bank, and were in possession: *Held*, on bill in chancery by the complainant to correct mistakes in the deed to the president, and to compel his heirs to convey the legal title held by them, and to set aside the deed to A and B, that the latter were not only proper, but necessary parties.

4. It is a familiar rule in chancery practice, that all persons who have an interest in the subject matter of the litigation should be made parties to the bill.

5. CHANCERY JURISDICTION—*removing cloud upon title.* Although a deed sought to be set aside is void, and the party has a complete remedy at law by the action of ejectment, yet, if the deed was procured through fraud, he may have relief in a court of equity, and have it set aside as a cloud upon his title.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. GOODSPEED & SNAPP, for the appellant.

Mr. S. W. MUNN, and Mr. GEO. S. HOUSE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed by Laughlin Moore against Charles W. Munn and others, in the circuit court of Will county.

Two of the defendants, Munn and Haley, filed a general demurrer to the bill, which was sustained by the court, and the bill dismissed. The complainant appeals.

It is alleged in the bill that, in 1838, Francis G. Blanchard entered a certain quarter section of land in Will county, and received a patent therefor; that in the year 1839, Blanchard conveyed the land to Sunderlain, and, in the year 1840, Sunderlain conveyed to Baldwin; that all of these deeds were recorded in the recorder's office in Will county soon after their execution; that on the 4th day of June, 1841, Baldwin conveyed said land to Edmund Knower; that Knower was at the time president of the Oswego Bank, located at Oswego, New York; that the conveyance was made to him as president, in payment of a debt the bank held against Baldwin; that the christian name of Knower was Edmund, but, by mistake, his christian name was written in the deed Edwin, and the correct name of the bank was The Oswego Bank, but, by mistake, it was described in the deed as The Bank of Oswego; that the intention was to convey to the bank, but in the granting part of the deed they grant, bargain and sell, etc., to the party of the second part, and to said bank and its assigns, and the *habendum* is the same; alleges that the mistakes were made by the carelessness of the draughtsman; that the conveyance was made for the sole use and benefit of the bank, and that whatever interest Knower had legally, he held in trust for the bank; that on April 1, 1843, a suit was commenced in the court of chancery, in the State of New York, against the Oswego Bank, by the bank commissioner of that State, for the purpose of having the bank declared insolvent; that Charles Stebbins was appointed receiver of the effects and property of the bank, and, by the laws of New York, the

title the bank held in the land passed to the receiver, with power to sell; that about the time of commencing the chancery suit, Knower became insane, and so remained until his death; that the receiver, in consequence of Knower's insanity, and the expense of obtaining a conveyance of whatever legal title was in him, allowed the land to be sold for taxes, and obtained a tax title thereto, and afterwards, on the 4th of February, 1853, sold the land at public auction, and complainant became the purchaser for $106.

It is further alleged that Knower died eighteen years ago, leaving Harriet Knower, his widow, Benjamin Knower and Mary Penniman, his children; that in May, 1872, the defendant Munn, by false representations and fraud, obtained a deed for the land from one Alvin Bronson, who was at one time president of the Oswego Bank, and upon obtaining the deed, Munn, and one Haley, went upon the land and erected a shanty, and claimed title by and through the deed from Bronson.

The bill prays that the mistakes in the deed from Baldwin to the bank may be corrected, and that the widow and heirs of Knower may be decreed to convey to complainant, and that the deed from Bronson to Munn and Haley may be declared void, and set aside, and for general relief.

The allegations of the bill are to be taken as true, and the question presented is, is complainant entitled to relief on the facts set out in his bill?

In the deed from Baldwin to Knower, two mistakes are alleged, and we apprehend there can be no doubt but the complainant has the right to call upon a court of chancery to have them corrected. It is true, courts of equity require clear proof in order to correct a mistake in a deed, but in this case the allegation showing the mistake is clear and positive, and we perceive no reason why he is not entitled to have the deed reformed and the mistakes corrected. *Mills* v. *Lockwood,* 42 Ill. 112; *Clearwater* v. *Kimler,* 43 Ill. 274.

38—69TH ILL.

It is also shown by the bill that Edmund Knower held the legal title to the undivided half of the premises, in trust for the use and benefit of the Oswego Bank; that complainant acquired all the interest of the bank in the premises by purchase and conveyance from the receiver. If this be true, and the truth of the averments of the bill is admitted, a court of equity has the undoubted power to require the heirs of Knower, who hold the naked legal title in trust for complainant, to convey to him. They held as a simple or dry trustee, he as *cestui que trust.* Perry on Trusts, 520.

It is, however, insisted by appellees that the relief claimed against the heirs of Knower, and that sought against Munn and Haley, are wholly and entirely distinct; that the entire relief prayed against the former can be obtained without making the latter parties to the bill, and that the bill is multifarious.

The complainant claims the title to the premises through the bank by a deed from the receiver. The defendants, Munn and Haley, claim title to the land through the bank by a deed dated March 20th, 1873, made by one Bronson, last surviving president of the bank.

Complainant seeks to correct the deed made to the bank. In this the defendants, Munn and Haley, are directly interested, for the reason they claim title through the bank.

Can it be said that, when a court of equity is called upon to change or correct one of the deeds in the chain of title under which they claim, they have no interest, and are not proper parties? We think not. We are of opinion that they are not only proper, but necessary parties. Their rights in the title to the premises are to be affected by the decree to be made, and it is a familiar principle of chancery practice, that all persons who have an interest in the subject matter to be litigated, should be made parties to the bill.

It is charged in the bill that this second deed obtained from the bank was obtained by fraud. Appellees insist that, if this is true, the complainant has a complete remedy at law. While

it is no doubt true, in an action of ejectment, complainant could show the deed void, still this does not prevent him from seeking relief in a court of chancery. If the deed was obtained by fraud, and is void, no reason is perceived why he can not have it removed as a cloud upon his title. *Hodgen et al. v. Guttery*, 58 Ill. 438.

For the reasons indicated, the decree is reversed and the cause remanded.

*Decree reversed.*