THOMAS F. NOLAN *et al.* Appellees, *vs.* RUTH E. BARNES, Appellant.

*Opinion filed June 24, 1915.*

1. EVIDENCE—*when order of probate court establishing heirship is not competent evidence in circuit court.* Where a suit to set aside a deed is begun in the lifetime of the grantor by her conservator, who charges fraud and undue influence, an order obtained in the probate court after the grantor's death finding certain persons to be her heirs, which order was obtained without notice to the defendant in the chancery suit, is not competent evidence against such defendant when offered in the chancery suit.

2. SAME—*an order of the probate court is binding upon those who offer it in evidence.* An order of the probate court finding and establishing heirship is binding upon the parties who introduce it in evidence in a chancery proceeding, whether the probate court had jurisdiction to enter the order or not.

3. JURISDICTION—*court first obtaining jurisdiction will retain it.* The court first lawfully obtaining jurisdiction will retain it until the end of the controversy, and no other court, even of concurrent jurisdiction, has power to make findings or orders which will have any bearing upon the issues in the court originally entertaining the cause.

4. PARTIES—*when heirs seek to set aside deed of ancestor all should be made parties.* In a proceeding in equity by the heirs to set aside the deed of an ancestor all known and unknown heirs should be parties to the bill, and particularly all persons who are named as heirs in an order of the probate court which the complainants themselves offered in evidence.

5. SAME—*duty of court to have necessary parties brought in.* It is the duty of the court to have the necessary parties brought in before entering the decree when the evidence discloses their existence and their supposed relationship to the decedent, and it

is immaterial whether the defendant in a bill saves this point by proper pleadings.

6. SAME—*in equity all claiming rights in the subject matter should be made parties.* In equity all persons having or claiming equitable or legal rights in the subject matter should be made parties; and this rule is inflexible, yielding only when the parties are very numerous and so scattered that their names and places of residence cannot be ascertained without great and extraordinary difficulty.

7. SAME—*when objection for want of proper parties may be taken.* An objection that persons having or claiming equitable or legal rights in the subject matter of a chancery suit are not made parties may be taken at the trial or on appeal, for it is the duty of the court to refuse to proceed further with the suit when the want of such parties is brought to its attention.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

S. P. DOUTHART, and FRED C. SMITH, (LOUIS H. GEIMAN, of counsel,) for appellant.

FRANCIS J. SULLIVAN, and HENRY P. HEIZER, (DAVID T. SMILEY, of counsel,) for appellees.

Mr. JUSTICE WATSON delivered the opinion of the court:

Annie M. Nolain, spinster, executed a deed bearing date December 13, 1907, by which she conveyed to Ruth E. Barnes, appellant, certain lots in the city of Chicago, which, with the buildings thereon, were of the value of $15,000, approximately. The consideration for the deed was five dollars and the execution by the grantor and grantee of a written contract, by the terms of which appellant obligated herself to care for, board, sustain, support and in sickness nurse said Annie M. Nolain during her life, and give her the use and occupancy of a certain flat in one of the buildings, or any other place where the two should, by agreement, reside together. At the time the deed and contract were executed said Annie M. Nolain

was about sixty-three years of age, was, and for many years had been, addicted to the use of intoxicating liquor, and was ill with a bladder and bowel disease, which rendered her partially unable to control her excretions. For about thirty-five or forty years she had lived with Mr. and Mrs. Conkright, junk dealers, assisting them both in their business and in their home affairs, during which time she had not met any of her relatives, and, according to her statements made during that time, she had none. Her mother is known to have died when Annie was about twenty years old. The property conveyed by the deed to appellant was acquired or accumulated by the Conkrights and was given by them to Annie M. Nolain at the death of Mrs. Conkright, who survived her husband but who died before the events leading up to this litigation. The gift is said to have been made in consideration of the long service and residence of said Annie M. Nolain with the Conkrights, who were childless.

Some time in 1907 said Annie M. Nolain employed Moses D. Brown, an attorney at law, to defend for her a suit for commissions for a proposed sale of some of her property, at which time she was living alone in an upper story flat in one of her buildings and living in a state of indescribable filth and squalor, due mainly to her illness and to her habits of inebriety. Brown induced appellant, who was employed by him occasionally as a law clerk or office assistant, to go with him to call upon Miss Nolain. This was on November 28, 1907. She took charge of Miss Nolain, relieved the conditions mentioned and took her to her own room in a different part of the city, returning her to the flat a few days later. Competent medical treatment was supplied, and appellant and Miss Nolain remained together, before and after the deed and contract were executed, until Christmas day, 1907, when, on complaint of one Robertson, several policemen from the Englewood station, where Cornelius Nolan, one of the appellees,

was employed as a policemen, came to the flat and took Miss Nolain by force away from there, conveying her to a hospital, where she remained for about three years. The police were accompanied by a physician, and while Miss Nolain was in the hospital appellant was not allowed to converse with her except when said physician was present. After leaving the hospital Miss Nolain, Thomas F. Nolan and his family, and Sarah Steffens, also an appellee, lived together, and appellant and Miss Nolain were not permitted to be together.

In April, 1908, Thomas F. Nolan was upon his own petition appointed by the probate court of Cook county conservator of Annie M. Nolain, and thereafter filed a bill in equity, as her next friend and conservator, against the appellant, Ruth E. Barnes, seeking to have the deed and contract aforementioned vacated and annulled as having been obtained by fraud and undue influence, the bill also alleging mental incapacity in the grantor. The bill was demurred to, amended and answered but was not brought to trial, and on February 3, 1914, Miss Nolain died, intestate. In the meantime the Chicago Title and Trust Company had been substituted in the probate court as conservator upon resignation by Thomas F. Nolan of that position. It also had been substituted as complainant in the chancery suit and had filed its amended and supplemental bill, and the same had been answered by appellant, all during the year 1911. A receiver was at some time during the six years the suit was pending, appointed by the circuit court and has been in charge of the property.

About ten months after the death of Annie M. Nolain the appellant suggested in the circuit court her death and moved the court to dismiss the equity suit for want of a party complainant. The court, however, on its own initiative apparently, ordered the cause to proceed in the name of Thomas F. Nolan, Margaret Desmond, Sarah Steffens and Cornelius Nolan, "heirs-at-law of Annie M. Nolain,

in behalf of themselves and the other heirs of Annie M. Nolain." On November 23, 1914, the four persons named filed their amended and supplemental bill, which was answered, and on December 23, 1914, they filed an amendment to that bill, charging the deed and contract were obtained as the result of a conspiracy between Moses D. Brown and appellant, designed to perpetrate a fraud upon Annie M. Nolain. Answer was filed to the amendment, and on December 31, 1914, the cause was tried and a decree entered setting aside the deed and contract as to appellees and all other heirs-at-law of Annie M. Nolain, deceased, and directing a conveyance of the title held by appellant to the heirs-at-law of the decedent, without naming them in the decree.

Upon this appeal the seventeen assignments of error question the sufficiency of the evidence to sustain the decree and the propriety of admitting certain evidence offered in behalf of appellees, and also the finding that the appellees were heirs-at-law of Annie M. Nolain. It is also contended by appellant that the court erred in entering the decree when the evidence introduced by appellees showed there were heirs-at-law of decedent, both known and unknown, who were not parties to the suit. In the view we take of the case, the last mentioned contention will dispose of the matter on the present appeal.

Appellant offered no evidence upon the subject of heirship other than statements of Annie M. Nolain that her name was not Nolan and that she had no relatives living. Appellees offered in evidence a certified copy of a record made in the probate court of Cook county at the instance of Thomas F. Nolan, under the provisions of paragraph 139 of chapter 3. (Hurd's Stat. 1913, p. 34.) This record of the probate court showed the heirs-at-law of Annie M. Nolain are her paternal cousins, ten in number, "and also other heirs-at-law whose names and places of residence are unknown." The known heirs, as set forth in

said finding and order of the probate court, are as follows: Thomas F. Nolan, Thomas Nolan, Ellen Madden, Margaret Desmond, Cornelius Nolan, Annie Steffens, Sarah Steffens, Timothy Nolan, Annie McCauley and Margaret Condon. By the provisions of paragraph 140 of the act referred to, the order of the probate court finding and establishing heirship, if regularly and lawfully made, is made *prima facie* proof of such heirship, other lawful methods of proving heirship being, however, saved to parties in interest.

Upon the hearing in the circuit court it was contended by appellant, and in her briefs she here contends, that because the circuit court first had jurisdiction of the subject matter, the said proceeding in the probate court, which was without notice to her, was and is a nullity so far as this suit is concerned. In this contention she is correct, and the finding and order of the probate court could have no probative force in the chancery proceedings instituted before the death of Annie M. Nolain, and consequently before the probate court could acquire jurisdiction to hear evidence and make a finding as to heirship. To hold otherwise is to deprive the appellant of the right of cross-examination of the witnesses upon whose testimony the finding rests, and to enable one party to the chancery suit to establish *ex parte* a *prima facie* table of heirship which the opposite party, a stranger to the blood of the intestate as well as to the claimant family, could neither dispute nor for want of opportunity disprove. This would amount to a denial of justice, and such a result could not have been in contemplation of the legislature in adopting paragraphs 138, 139 and 140 as an amendment to the administration statute. It is elementary that the court first lawfully obtaining jurisdiction will retain it until the end of the controversy and to the exclusion of all others; also, that no other court, even of concurrent jurisdiction, can or will make findings or orders which have any bearing upon the

issues in the court originally entertaining the cause. (*Mail v. Maxwell*, 107 Ill. 554; *Plume & Atwood Manf. Co. v. Caldwell*, 136 id. 163; *Newman v. Commercial Nat. Bank*, 156 id. 530.) Appellees are, nevertheless, bound by the finding and order of the probate court as to heirship, since they offered it in evidence in the chancery cause. They cannot dispute its recitals, whether the probate court had jurisdiction to enter it or not, so far as the pending cause is concerned.

Further proof of heirship offered by appellees is the testimony of Albert G. Nolan, a son of appellee Thomas F. Nolan. He was twenty-eight years old at the time of the trial, and, of course, could have no personal knowledge of the family history of Annie M. Nolain, but he testified the decedent told him her father was his mother's brother, but later corrected his statement and said she stated her father was his grandmother's brother, meaning his father's mother's brother; also he testified that his father's mother's maiden name was Nolan and that his father had a brother and sisters, named Timothy Nolan, Ellen Madden, Margaret Desmond, Sarah Steffens and Annie Steffens.

Police captain Storen testified he learned from Annie M. Nolain, while she was ill in the hospital, that she had a brother and a nephew living.

There was no other evidence upon the subject of heirship, unless it be the testimony of Annie M. Nolain. Her evidence was taken at some time when the case was partially tried, before another judge. Later it was reduced to writing, and at the final trial there was a stipulation to the effect it should be read and considered in evidence. We cannot know that it was so read and considered, as it does not appear in the certificate of evidence.·

The appellees, four in number, are named in the probate court list of heirs and three of them are named in the list furnished by Albert G. Nolan. The three named by him who are not made parties are found also in the pro-

bate court list among the six named there who are not made parties. The brother of Annie M. Nolain testified to by Capt. Storen is not made a party; also the nephew he mentioned is not made a party. No reason is disclosed by the record why Cornelius Nolan, who is proven by the testimony of Albert G. Nolan not to be an heir, should be a party to the suit, except that he is named in the probate court record. No reason is disclosed by the record why the six persons shown by the probate court record to be heirs of the same degree with complainants, nor the brother or nephew mentioned by Storen, should not be parties complainant or defendant. The omitted known parties are not numerous nor is it disclosed they cannot be easily found. Both they and the unknown heirs-at-law of the decedent should be brought into the proceedings in some lawful manner, in order that a decree may be entered which will bind all who are either known or believed to be interested in the subject matter and in the object of the suit.

The position taken by appellees is, that since appellant lost the case she has no interest in the question now under consideration, and also that she did not by proper pleadings raise or save the point. She did, however, in her answer to the bill under which the case was finally tried, say she "does not waive her demurrer to the bill of complaint for want of proper parties." As so used, "proper parties" means necessary parties, and we think the point was saved, although it was immaterial, it being the duty of the court to have the necessary parties brought into court before entering the decree and when the evidence disclosed their existence and their supposed relationship to the decedent. Further, it is conceivable the appellant may finally be adjudged the owner of the premises upon another trial of the cause, and if so, she is entitled to be protected by the decree from subsequent litigation with one or all of the omitted parties for whom an interest is claimed, and if she

shall ultimately lose the property it is the policy of the law that the decree shall find and determine who shall become its owners.

It is a familiar rule that in every suit in equity all persons having or claiming equitable or legal rights in the subject matter should be made parties. (*Moore* v. *Munn*, 69 Ill. 591; *Gerard* v. *Bates*, 124 id. 150; *Prentice* v. *Kimball*, 19 id. 320; Story's Eq. Pl. sec. 207.) The objection that any such persons are not made parties may be taken at the trial or on appeal, for it is the duty of courts to refuse to proceed further with a suit of this nature when the want of such parties is brought to their attention. (*Prentice* v. *Kimball, supra; Gordon* v. *Johnson*, 186 Ill. 18.) The rule stated is inflexible, yielding only when the parties are very numerous and so scattered that their names and places of residence cannot be ascertained without great and extraordinary difficulty. *Herrington* v. *Hubbard*, 1 Scam. 569; *Williams* v. *Bankhead*, 19 Wall. 563; *Chadbourne* v. *Coe*, 51 Fed. Rep. 479.

With the record in its present condition we deem it unnecessary to express an opinion as to the credibility of the witnesses or the sufficiency of the evidence to sustain the decree, but the decree is reversed and the cause is remanded to the circuit court of Cook county with leave to appellees to make parties to the suit those persons who their proof indicates are parties in interest, whether known or unknown, and leave will be given for amendments to the pleadings for that purpose and otherwise, as may be desired. If appellees shall elect not to take such course within a reasonable time the circuit court is directed to dismiss the suit.          *Reversed and remanded, with directions.*