GEORGE M. SELLERS *et al.* Appellees, *vs.* W. W. RIKE *et al.* Appellants.

*Opinion filed February 16, 1916—Rehearing denied April 6, 1916.*

1. PARTIES—*in equity every person claiming an interest must be made a party.* In suits in equity every person having or claiming equitable or legal rights in the subject matter must be made a party, except where the persons are very numerous and so scattered that they cannot be served without great difficulty.

2. SAME—*when court should not entertain a bill to quiet title.* If it appears that one of the joint grantors in a deed conveying particular property of each grantor in trust for a common purpose has not been made a party to a bill by one of the grantors seeking to withdraw certain land from the trust and to quiet title thereto in him, the court should not entertain the bill and enter a decree until she has been made a party, as she has an interest in sustaining the trust as to all of the property covered by the deed.

3. TRUSTS—*presumption where several parties convey land for common purpose.* Where several join in conveying their separate lands in trust for a common purpose it is a fair presumption that each grantor joined in the deed in consideration of the execution of the deed by the others.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

P. J. LUCEY, Attorney General, and C. H. LINSCOTT, for appellants.

LESLIE J. OWEN, W. W. WHITMORE, and BARRY & MORRISSEY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On May 31, 1900, George M. Sellers, one of the appellees, Mary E. Bonnett, Lizzie R. Keys and William M. Keys, her husband, all then residents of the city of LeRoy, McLean county, Illinois, joined in a deed conveying property owned, respectively, by George M. Sellers, Mary E. Bonnett and Lizzie R. Keys, to W. W. Rike, Albert Vasey and Frank Hedrick and their successors in trust, as trustees, to establish, conduct and maintain, after the death of the last survivor of the grantors, a home for dependent and homeless children in the residence on block 133 in Wood & Conklin's addition to the city of LeRoy, said block 133 being the property of Lizzie R. Keys and being occupied by her and her husband, William M. Keys, at the time the conveyance was made, as a homestead. The property of each of the grantors was described separately and designated as the particular property of that grantor in the deed. Lizzie R. Keys died intestate and without issue within a few days after this deed was executed, and several years later her husband, William M. Keys, died intestate. Thereafter George M. Sellers and the heirs-at-law of William M. Keys, appellees here, joined as complainants in a bill in the circuit court of McLean county to quiet the title in them to all of the real estate thus conveyed in trust by the instrument of May 31, 1900, with the exception of that which was conveyed as the property of Mary E. Bonnett. The bill was drawn upon the theory that in a part of the property conveyed as the property of Lizzie R. Keys she had but a life estate, and that upon her death the fee simple title became absolute in her father, George M. Sellers; that

the deed of May 31, 1900, had never been delivered and accepted by the trustee grantees named therein; that said instrument was testamentary in character and therefore void as a deed of conveyance, and that it was void as to the homestead of Lizzie R. Keys and William M. Keys for the reason that it contained no waiver of the right of homestead. The circuit court sustained some of the contentions of appellees and entered a decree quieting the title to the undivided one-half of the homestead property in the heirs of William M. Keys, and the title to the other one-half of that property, and certain other of the property conveyed by Lizzie R. Keys, in George M. Sellers, leaving still subject to the conditions contained in the deed of trust the property conveyed as the property of Mary E. Bonnett and George M. Sellers and a portion of the property conveyed by Lizzie R. Keys.

Mary E. Bonnett did not join as one of the complainants in the bill and she was not made a party defendant. She was a necessary party to the proceeding. No decree could be entered without affecting her rights and interests. The conveyance by Mary E. Bonnett, George M. Sellers and Lizzie R. Keys was for a common purpose, and it is fair to assume that each of the grantors joined in conveying his or her property for the uses and purposes therein set forth, in consideration of the execution of the deed by the other grantors. If the complete relief prayed should be decreed it would result in a total destruction of the trust created by the deed. It appeared conclusively from the bill itself that Mary E. Bonnett had an interest in the subject matter of the suit, and the court should not have rendered a decree affecting her interests until she had been brought into the proceedings as a party complainant or defendant. It is an inflexible rule, yielding only when the parties are very numerous and so scattered that they cannot be identified and served without great difficulty, that in suits in equity every person having or claiming equitable or legal

272 — 20

rights in the subject matter must be made a party.  (*Willis v. Henderson,* 4 Scam. 13 ; *Nolan* v. *Barnes,* 268 Ill. 515.) Mary E. Bonnett is a resident of LeRoy and testified as a witness before the master in chancery.  She was an aunt of Lizzie R. Keys, being a sister of the deceased wife of George M. Sellers.  She was well known to all the parties in interest.

As the court should not have entertained the bill and entered a decree without Mary E. Bonnett having been made a party, the decree of the circuit court is reversed and the cause is remanded, with directions to the circuit court to grant complainants time within which to amend their bill making Mary E. Bonnett a party, if they shall see fit, and if the same be not done within a short day to be fixed by the court, to dismiss the bill.

*Reversed and remanded, with directions.*