JOHN RILEY, Appellant, *vs.* JOHN J. WEBB *et al.* Appellees.

*Opinion filed April 20, 1916.*

1. PARTIES—*in equity all persons having a substantial interest must be made parties.* In equity all persons who have any substantial legal or beneficial interest in the subject matter in litigation and who will be materially affected by the decree must be made parties, and the court is not authorized to proceed to a decree if the bill shows that a person having a substantial interest has not been brought into court.

2. SAME—*an heir-at-law is a necessary party to bill to contest a will.* An heir-at-law of the testator is a necessary party to a bill to contest the will, and error in proceeding to a decree without bringing him into court cannot be excused on the ground that his interest was with the contestants, and that at the time the decree was entered the time within which he might file a bill to contest the will had expired.

APPEAL from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding.

THOMAS H. RILEY, and BRICKWOOD & BRICKWOOD, for appellant.

J. W. DOWNEY, and CORLETT & CLARE, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On November 5, 1914, the appellant, John Riley, filed his bill in the circuit court of Will county to set aside an instrument purporting to be the last will and testament of Thomas H. Riley, deceased. It is alleged that Thomas H. Riley died November 5, 1913, without issue, leaving appellant, and Mary Riley, his widow, James Riley, William Riley, Maria Riley and Teresa Riley Poor, as his only heirs-at-law. By his purported will the testator devised and bequeathed the whole of his estate to his widow, Mary Riley, and Edward Riley, John J. Webb, Permelia Stoddard and Ella Barry, all of whom were made defendants to the bill. Summons issued against all the defendants on the day

the bill was filed and was returned December 2, 1914, with an indorsement showing that the defendant William Riley, a brother of the testator, had not been served. Mary Riley, John J. Webb, Permelia Stoddard and Ella Barry answered the bill. On April 21, 1915, when the cause was set for a hearing, appellant filed a motion for a continuance, alleging the absence of a material witness and other grounds. The court denied the motion and directed that a jury be empaneled to try the cause. Counsel for appellant declined to participate in the trial. A jury was empaneled and proponents made a *prima facie* case, whereupon the jury returned a verdict finding the instrument in question to be the last will and testament of Thomas H. Riley, and upon that same day the court entered a decree reciting the denial of the motion for a continuance, the empaneling of the jury, the offering of evidence on the part of the proponents and the return of the verdict finding that the instrument in question was the last will and testament of Thomas H. Riley, deceased, and dismissing the bill for want of equity. Thereafter appellant filed his motion to vacate and set aside the verdict of the jury and the decree of the court upon the ground that the cause was not at issue, as William Riley, one of the necessary parties defendant named in the bill, had not been served with summons and had not entered his appearance in the cause, that appellant's motion for a continuance should have been allowed, and that the court wrongfully denied leave to appellant, prior to the trial of the cause, to amend his bill and make an additional party defendant. The court denied this motion and granted an appeal.

We will consider but one of the grounds urged for reversal of the decree. William Riley, one of the defendants in the bill, was a brother of the testator and had a substantial interest in the subject matter of the suit. He was not only a proper but a necessary party. It is a rule in equity that all persons who have any substantial legal or beneficial

interest in the subject matter in litigation and who will be
materially affected by the decree *must* be made parties.
(*Gilham* v. *Cairns,* Breese, 164; *Moore* v. *Munn,* 69 Ill.
591; *Atkins* v. *Billings,* 72 id. 597; *Brown* v. *Riggin,* 94
id. 560; *Knopf* v. *Chicago Real Estate Board,* 173 id. 196;
*Nolan* v. *Barnes,* 268 id. 515; *Sellers* v. *Rike, ante,* p. 303.)
*Brown* v. *Riggin, supra,* was a suit to contest a will where
necessary parties were not made defendants, and it was
there held that it is the necessary practice that all parties
in interest should be before the court. *Knopf* v. *Chicago
Real Estate Board, supra,* was a bill for injunction where
a necessary party defendant had been omitted, and it was
there held that whenever it appears that a necessary party
has been omitted, the court should of its own motion, with-
out waiting for action by the complainant, defendant or
absent party, require such party to be brought in, and that
this is the proper practice whether the case is pending in
the trial court or in a court of review; that an objection
of want of necessary parties may be taken at the hearing
or in a court of review on appeal or error, where it appears
the rights of such parties are so connected with the subject
matter of the controversy that a final decree cannot be ren-
dered without materially affecting them. To the same ef-
fect as the *Knopf case, supra,* is *Nolan* v. *Barnes, supra.* In
*Sellers* v. *Rike, supra,* this court on its own motion reversed
the decree of the circuit court and remanded the cause for
the failure to join a necessary party. In this case the rights
of William Riley are so connected with the subject matter
of the controversy that a final decree cannot be entered
without materially affecting them.

It is no answer to say that William Riley was not in-
terested in sustaining the will; that his interests were with
the contestants; and that when the decree was entered dis-
missing the bill the time had gone by in which he could
have brought a suit to contest the will. If appellant had
proceeded to trial when the issue was submitted to the jury,

and if he had succeeded in obtaining a verdict finding that the instrument in controversy was not the will of Thomas H. Riley, any of the defendants to the bill, or the court upon its own motion, could have prevented the entry of a decree upon that verdict; or, in case a decree had been entered on the verdict, any of the defendants to the bill could have had such decree set aside by the chancellor during the term of court at which it was entered, or reversed upon appeal or writ of error, on the ground that William Riley had not been served with summons and had not entered his appearance. Without regard to the question whether or not William Riley had by the lapse of time lost his right to institute a proceeding to contest the will of Thomas H. Riley, appellant was justified in refusing to participate in a trial in which, even should he succeed in obtaining a verdict in his favor, the verdict would be unavailing.

The bill disclosed that William Riley was one of the heirs-at-law of Thomas H. Riley, deceased. It thereupon became the duty of the court to see that he had been served with summons and duly notified of the pendency of the suit before submitting the issue to a jury and entering a decree upon the verdict. If the court, under these circumstances, had the power to enter a decree which would be binding only upon the defendants who had been duly served with summons, then it would follow that appellant had the right to institute and prosecute his suit without making William Riley a party and without reference to his rights. It is well settled that he could not do this.

The court erred in declining to set aside the decree and in refusing to continue the cause for service upon William Riley.

The decree of the circuit court is reversed and the cause is remanded. *Reversed and remanded.*