Willis A. Martin, Trustee, Defendant in Error, v. Violet Mae Frank et al., Plaintiffs in Error.

Gen. No. 8,153.

418

Heard in this court at the May term, 1930.
Opinion filed September 18, 1930. Rehearing denied January 6, 1931.

R. A. GREEN and BUTTERS & BUTTERS, for plaintiffs in error.

HIBBS & POOL, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

Defendant in error, hereinafter referred to as complainant, filed a bill in the circuit court of LaSalle county setting forth that plaintiffs in error Violet M. Frank and Charles A. Frank, her husband, hereinafter referred to as defendants, being indebted in the sum of $12,000, executed four promissory notes, two for $5,000 and two for $1,000 each, bearing interest from date at the rate of 6 per cent per annum, "payable to the order of said makers and by them indorsed in blank and delivered"; that to secure said notes said defendants conveyed to complainant as trustee some 140 acres of farm land in said county, subject to a trust deed dated July 8, 1925, to the First Trust Company of Ottawa securing $12,500; that said trust deed provided, among other things, "that if default shall

be made in the payment of said notes or either of them at maturity, or if there shall be a failure to comply with any and every condition of said mortgage deed, then the whole of the indebtedness secured thereby shall, at the option of the holder of said mortgage, become due and payable, and that in case of foreclosure your orator should be allowed all costs and expenses laid out at any time anterior to the entry of final decree in such suit.''

Said bill further alleges that the defendants defaulted in the payment of the interest of $720, falling due March 1, 1927, and that ''the holders and owners of said interest or coupon notes have exercised their option, and have declared the whole indebtedness secured by said mortgage deed to become due and collectible at once by foreclosure.''

Said bill further alleges that said defendants defaulted in the payment of certain interest due the holder of said first mortgage, ''and that said First Trust Company of Ottawa, Illinois, was about to file a bill to foreclose its said deed of trust, whereupon your orator, for and on behalf of the holders of the principal and interest or coupon notes secured by the mortgage deed to your orator, did thereupon pay to said First Trust Company of Ottawa, . . . the interest . . . of $631.25; that the mortgage deed to your orator now stands as security for said sum of $631.25 so paid''; that there was due to the complainant an attorney's fee of $699, being for 5 per cent on the amount due on principal and interest on said mortgage indebtedness, together with the amount paid as interest on said first mortgage, and the principal amount owing on said notes; that plaintiff in error, Thomas Coffey ''is in possession under an alleged lease from Violet Mae Frank and Charles A. Frank, but that the interest of Coffey is subject to the lien of your orator; that defendants, Violet Mae Frank and

Charles A. Frank are insolvent; that the premises in question are scant security for the indebtedness due your orator for and on behalf of the holders and owners of the notes secured by said mortgage''; prays for a foreclosure of said mortgage, the appointment of a receiver, etc.

The defendants failed to answer said bill, were defaulted and a decree. *pro confesso* was entered against them. The court in its decree found substantially in accordance with the allegations of said bill as to the execution of said notes and trust deed, default in the payment of interest on the trust deed herein and on said first mortgage; the election of the holders and owners of the notes here involved to declare the whole sum due and payable and ''that there is due to the complainant the total sum of $14,771.39''; that the defendants, Violet Mae Frank and Charles A. Frank, were each insolvent; that said premises were scant security for said indebtedness, and that a receiver should be appointed to take possession of said premises, etc.

· On April 20, 1928, being one of the days of the March term, 1928, separate motions were entered by defendants Violet Mae Frank and by Thomas Coffey, to set aside said decree and for leave to answer. With said motions were presented the answers proposed to be filed by the respective defendants. On hearing, said motions were each denied. To reverse said decree, this writ of error is prosecuted.

One of the errors assigned raises the question as to whether the court erred in denying said motions. Said defendants were regularly served with process more than ten days prior to the first day of the January term, 1928, of said court. No showing was made by either of said defendants, excusing their failure to file answers. The court, therefore, did not err in said ruling.

The question is also raised as to whether the court erred in appointing said receiver. The lease under which Coffey claimed was executed subsequent to said trust deed. The bill charged that the makers of said notes were insolvent; that the security for said indebtedness was scant; that said trust deed was a second mortgage. While the lease under which Coffey was holding extended by its terms to March 1, 1932, he took said lease subject to the rights of the beneficial owners of the indebtedness here sought to be collected by foreclosure. Upon a defeasance, the complainant as such trustee had the right, at the instance of the holders of said notes, to take possession of said premises and, on a bill to foreclose, the court was empowered to appoint a receiver, giving that receiver the right to take possession. *Rohrer v. Deatherage,* 336 Ill. 450–455. We, therefore, hold that the court did not err in appointing said receiver.

The most serious ground urged for a reversal of said decree is that the court erred in proceeding to a decree on a record which fails to disclose that all persons interested were made parties.

It is practically conceded that, unless it be held that complainant, prior to and at the time said bill was filed, was the beneficial owner of said notes, this point is well taken. Complainant insists that his ownership of said notes is shown by the evidence taken on the motion to set aside said decree and for leave to answer.

The only testimony referring to said notes and their ownership is that of Roscoe Lynn. On cross-examination, this witness testified:

"I am the cashier of the same bank that Mr. Martin was president of. Mr. Willis A. Martin owns the notes secured by this mortgage personally. He obtained them at least a year ago, some time before foreclosure proceedings were instituted. I do not know when it was that this party asked Mr. Martin to foreclose— before he got the notes or after.

"Q. Is it a fact that you or Mr. Martin, or anybody else in the bank, refused to make known who owned the notes?

"A. No one ever asked me before who owned the notes.

"I was present when Mr. Martin bought the notes. I know he bought them, because there was money changed hands and he holds the notes in his possession. They were in his possession at least a year ago; maybe longer; maybe two years; at least that long, anyhow. I was in the bank at the time he purchased these notes from the former owner, I think there in the directors' room; something like that. I was in the bank and knew the deal was going on. I don't know as I can say I participated in the transaction, but I knew it was going on—might have been in other apartment of the bank. I could hear the transaction. I could hear them talking in the other room."

The certificate of evidence only purported to include the evidence taken on the motion to set aside the decree and for leave to answer. No certificate of evidence was preserved at the prior term when the decree was entered.

Said bill contains no allegation that complainant owned the notes in question, and neither does the decree contain any finding that he owned said notes. The plural instead of the singular is always used in referring to the owners of said notes. It would be a far-fetched conclusion to say that the record disclosed that all interested and necessary persons were made parties to said proceeding.

It is a well established principle in equity that those having the beneficial interest in the subject-matter and relief sought are the proper parties to sue, although they may not have the legal title or interest therein. *Frye v. Bank of Illinois,* 5 Gilm. 332–338; *Moore v. School Trustees,* 19 Ill. 83–86; *Winkelman v. Kiser,* 27 Ill. 21–22; *Gordon v. Johnson,* 186 Ill. 18–29.

The general rule is that in suits respecting trust property, brought either by or against the trustee, the trustee is a necessary party because he holds the legal interest. The beneficiary is a necessary party because he has the equitable and ultimate interest to be affected by the decree. *Dubs v. Egli,* 167 Ill. 514–521; *Gordon v. Johnson, supra,* 29.

In every suit in equity, all persons having equitable rights in the subject-matter in dispute, as well as persons having legal rights therein, should be made parties. *Moore v. Munn,* 69 Ill. 591; *Gerard v. Bates,* 124 Ill. 150; Story's Ec. Pl., 207; *Nolan v. Barnes,* 268 Ill. 515–523.

Where the rights of parties not before the court are intimately connected with the matter in dispute, so that a final decree cannot be made without materially affecting their interests, the objection may be taken at the hearing, or on appeal, or on error. *Prentice v. Kimball,* 19 Ill. 320–322; *Knopf v. Chicago Real Estate Board,* 173 Ill. 196–201; *Gordon v. Johnson, supra,* 30; *Nolan v. Barnes, supra,* 523.

Even if it be conceded that the testimony of Lynn was sufficient to show that complainant was the owner of said notes, still that proof does not go in support of the allegation of complainant's bill. Neither by express allegation nor by implication is it charged that complainant was the owner of all or any of said notes. The decree based thereon does not find that complainant was the owner of all or any of said notes, so that it cannot be said that this testimony goes in support of said decree. The allegations and proofs must correspond. *Leahy v. Nolan,* 261 Ill. 219–221; *Houlihan v. Morrissey,* 270 Ill. 66–70; *Fisher v. Burks,* 274 Ill. 363–367. In the latter case, the court at page 367 says:

"But if it be assumed for the purposes of this case that the evidence tended to prove fraud, the relief here could not be granted on that ground, as there are no allegations of fraud or misrepresentation in the bill.

It is a fundamental principle of law that a party must stand or fall by the material allegations of his bill. He cannot be permitted to state his case one way in his bill and make another and different case by his testimony. The allegations of the bill, the proof and the decree must correspond. One is not entitled to recover unless there are averments in the bill to support the evidence.'' Citing *Fish v. Cleland,* 33 Ill. 238; *Carmichael v. Reed,* 45 Ill. 108; *Stearns v. Glos,* 235 Ill. 290; *Wilson v. Wilson,* 268 Ill. 270.

And in *Houlihan v. Morrissey, supra,* the court at page 70 says:

''A complainant, to recover at all, must do so on the case made by the bill, and will not be permitted to state one case in the bill and make a different one by the proof. Even though the evidence may make a meritorious case, if it is variant from the case made by the bill, the bill should be dismissed. (*Roland v. Bowles,* 21 Ill. 17; *Stearns v. Glos,* 235 Ill. 290.) A complainant must stand or fall by the case he makes in his bill. (*Gage v. Curtis,* 122 Ill. 520.)''

It is also significant that, neither by the allegations of his bill, nor by his oral testimony, has complainant himself stated that he was the beneficial owner of said notes, nor does the evidence disclose any authority from the owners of said notes to support his allegation that the funds to be derived therefrom should be paid to him for their use.

Under the foregoing authorities, it was necessary that the holders of the notes in question should have been made parties to said proceeding, as they are the real parties in interest. The defendants, notwithstanding they were defaulted in the lower court, under the foregoing authorities, have the right to raise the question of the lack of necessary parties in this court.

It is also contended by counsel for the defendants that the court erred in decreeing that the defendants should pay to the complainant for the use of the hold-

ers of said notes, the amount owing thereon, or that, on a sale of said premises, the proceeds of the sale should be paid to the complainant for the use of the holders of said notes.

Copies of said notes and trust deed were exhibits to said bill and made a part thereof. An examination of these documents discloses that complainant had no interest whatever in said indebtedness. He was the holder of the legal title, with the right to foreclose, should he be requested so to do by the holders of said notes. The allegation that complainant was entitled to such proceeds was a conclusion of the pleader, not based on any allegations of fact, and was therefore insufficient.

Said bill was also defective in failing to disclose the identity of the beneficial owners of said notes, and the decree based thereon is erroneous in failing to find who said owners were. The record also fails to disclose that said notes were produced and made a part of the record in said proceeding. This is necessary. *Reavis v. Fielden,* 18 Ill. 77–81; *Lucus v. Harris,* 20 Ill. 165–170; *Moore v. Titman,* 35 Ill. 310–314; *Dowden v. Wilson,* 71 Ill. 485–487.

On the motion to vacate said decree, the notes were not produced, nor was any evidence offered as to where said notes were or as to who was holding them, or as to whether they had been filed and made a part of the record. The defendants, as the makers of said notes, have the right to a record which affirmatively shows that their property is being taken in satisfaction thereof.

So far as this record is concerned, the property in question might be sold, and the proceeds turned over to complainant without said notes being satisfied. If it developed, as the pleadings here tend to show, that persons other than the complainant were the holders and owners of said notes, such persons would have the

right to file a bill to foreclose, making said trustee a party defendant, and, in default of payment of said notes, obtain a sale of said premises in satisfaction thereof.

Counsel for complainant insist that the evidence discloses that he was the owner of said notes, and that it would be an idle proceeding to make him a party in his individual capacity. That would be true if the allegations of the bill were that he was such owner. In other words, if he, as trustee, had alleged that he was the beneficial owner and holder of said notes, it would have been sufficient, even though he were not made a party in his individual capacity. Complainant's bill contained no such allegation, and was therefore insufficient.

For the reasons above set forth, the decree of the trial court will be affirmed as to the appointing of said receiver, otherwise said decree is reversed and the cause is remanded for further proceedings in harmony with this opinion.

*Affirmed in part, reversed in part and remanded.*