HUBERT MAYBELL, Plaintiff-Appellant, *v.* MAYOR'S LICENSE COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-1641

Opinion filed April 20, 1981.

Herbert H. Fisher and Douglas Polsky, both of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Jetta N. Jones, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County, heard pursuant to a writ of certiorari, affirming a license revocation regarding food dispenser and cigarette dealer licenses, with the claimed licensee having been found in possession of 300 pounds of stolen beef.

The issues presented for review are: (1) whether the Mayor's License Commission (hereinafter called the Commission) erred in revoking the licenses held by H & H Restaurant, Incorporated, where the proceedings therein were against Hubert Maybell, who is allegedly the manager of the corporation's restaurant; (2) whether the findings of the Commission were contrary to the manifest weight of the evidence; (3) whether the physical evidence against the licensee was obtained by an unreasonable search in violation of the fourth amendment (U.S. Const., amend. IV); (4) whether the licensee was given sufficient notice of the revocation hearing; (5) whether Hubert Maybell was erroneously denied the right to be present

and cross-examine witnesses against him at the Commission hearing; (6) whether the Commission erroneously considered hearsay testimony; (7) whether the investigating officer destroyed evidence favorable to Hubert Maybell, thereby denying him the right to due process of law; and (8) whether the Commission made the requisite findings of fact and conclusions of law.

The Commission has objected to many of the issues raised, and argued that they were not raised in the Commission hearing nor in the circuit court below. One of such issues is the question of whether Hubert Maybell was and is the licensee.

■■ As a general rule, a party desiring to preserve a question for review in an appellate court must make appropriate objections in the court below. However, a failure to object will not bar review of a question if it relates to a fundamental error which is apparent on the face of the record, such as the lack of necessary parties. *Martin v. Frank* (1930), 259 Ill. App. 417; see also *Underwood v. Pennsylvania R.R. Co.* (1966), 34 Ill. 2d 367, 215 N.E.2d 236.

■■ Although the original record on appeal in this cause did not indicate the specific entity the licenses in question were issued to, it appears on the face of the supplemental record on appeal that the city has not proceeded against the proper party. It is clear from the supplemental record, including a photocopy of the license herein involved, which was requested by this court, *sua sponte*, that H & H Restaurant, Incorporated, is the existing licensee, and not Hubert, Maybell, and the Commission's order of revocation against Maybell is null and void. See *Cartan v. Gregory* (1946), 329 Ill. App. 307, 68 N.E.2d 193.

■■ Inasmuch as this court has determined that this cause must be reversed because the city has not proceeded against the proper party, it is unnecessary for this court to comment upon the other issues raised on appeal. Where a judgment is reversed on one ground, other grounds of reversal assigned will not be passed on. See *City of Chicago v. Callender* (1947), 396 Ill. 371, 71 N.E.2d 643; *Minnis v. Friend* (1935), 360 Ill. 328, 196 N.E. 191.

For the above and foregoing reasons the judgment of the circuit court of Cook County is hereby reversed.

Reversed.

GOLDBERG, P. J., and O'CONNOR, J., concur.