WILLIAM JARCHOW *et al.* Appellees, *vs.* CHARLES GROSSE, Appellant.

*Opinion filed December 17, 1912.*

1. EVIDENCE—*general rule as to admissibility of declarations to prove pedigree.* As a general rule, before declarations of persons can be admitted to prove pedigree it must be established that the declarant is dead, that the declarations were made before the controversy arose, and that the declarant was related by blood or marriage to the family to which the declarations refer.

2. SAME—*when proof of relationship must be made dehors the declaration.* Proof of the relationship of the declarant must be made *dehors* the declaration before such hearsay can be admitted to prove pedigree, where an attempt is being made to establish through the declarant's own statement a right, claimed to be derived through the declarant, to share in the property of the family or individual to which the declarant is claimed to be related.

3. SAME—*when proof of relationship of declarant need not be first established.* Where it is sought to reach the estate of the declarant herself and not to establish a right through her to the property of others, her declarations with reference to her family and kindred are admissible, even though the relationship is not shown by other evidence. (*Cuddy* v. *Brown,* 78 Ill. 415, followed.)

4. SAME—*hearsay testimony as to pedigree is not confined to ancient facts.* If the declarant is dead, her declarations as to pedigree are not excluded by the fact that living members of the same family can be examined on the same point, as hearsay testimony as to pedigree is not secondary evidence and is not confined to ancient facts but extends also to recent facts. (*Greenwood* v. *Spiller,* 2 Scam. 502, criticised.)

APPEAL from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding.

ERNEST C. LUTHER, and HOPSON & HOLLEMBEAK, for appellant:

Hearsay evidence to prove pedigree ought only to be received where the fact is ancient and no better evidence can be obtained. *Greenwood* v. *Spiller,* 2 Scam. 504; *Birney* v. *Hann,* 10 Ky. 322.

Pedigree cannot be proved by hearsay evidence derived from persons through whom the title to the premises is attempted to be derived. *Speed* v. *Brooks,* 30 Ky. 119.

Before the declarations can be admitted the relationship of the declarant to the family must be established by other testimony. *Blackburn* v. *Crawford,* 3 Wall. 185; 1 Taylor on Evidence, sec. 576; *Green* v. *Norment,* 5 Mackey, 80; *Thompson* v. *Woolf,* 8 Ore. 454.

E. E. KENYON, and FISHER & PERCE, for appellees:

Facts involved in a question of pedigree may be established by proof of general reputation in the family or by proof of what deceased members of the family have said. From the necessity of the case hearsay evidence of certain kinds is admissible in establishing matters of pedigree, and this because it is the best evidence of which the nature of the case admits. What has been said by deceased members of the family is admissible, upon the presumption that as such members they knew, from general repute in the family, the facts of which they speak. *Harland* v. *Eastman,* 107 Ill. 535.

Hearsay evidence is admissible upon the question of pedigree. *Cuddy* v. *Brown,* 78 Ill. 415; *Champion* v. *McCarthy,* 228 id. 87.

It is enough to show that the declarant was connected with the family without showing him to be a connection of the person whose connection with the family is to be established. Bradner on Evidence, (2d ed.) 427; Abbott on Trial Evidence, (2d ed.) 118; *Blackburn* v. *Crawford,* 3 Wall. 175; *Barnum* v. *Barnum,* 42 Md. 304.

In the absence of any showing to the contrary, the presumption is that the master and the chancellor acted only upon competent testimony; and where there is some incompetent testimony in the record, if it contains sufficient competent testimony the error in admitting incompetent testimony will be regarded as harmless. *Allison* v. *Perry*, 130 Ill. 9; *Dunn* v. *Berkshire*, 175 id. 243; *Church of Christ* v. *Christian Church*, 193 id. 144; *Despatch Co.* v. *Joesting*, 89 id. 152.

Mr. Justice Carter delivered the opinion of the court:

This is a bill filed in the circuit court of Kane county for the partition of certain real estate in the city of Elgin, in that county. Fredericke Grosse died in 1906 seized of said real estate, leaving the appellant, Charles Grosse, as her surviving husband, and leaving no parents, brothers, sisters, children or descendants of children. The master in chancery found, and the trial court by its decree held, that appellees are related to said Fredericke Grosse and inherited one-half of the real estate, subject to the dower and homestead rights of appellant. This appeal is from that decree.

Fredericke Grosse was born in Germany and there married John Jarchow, being his second wife. She had by him one daughter, who died in infancy. After his death she married Charles Grosse. John Jarchow's first wife was Lotta Schroeder Jarchow. They were married in Germany and had four children. William and Fred Jarchow, appellees here, were two of these children. Another was Fredericke Jarchow, who appears from the evidence also to have married a man named Grosse. She is called in the master's report and in the briefs Fredericke Grosse No. 2. She died before the other Fredericke Grosse, leaving no children or descendants thereof. As it is not necessary to refer to her again, the name Fredericke Grosse in this opinion will mean the one who was the wife of

appellant. The fourth child of John Jarchow and Lotta Jarchow was Hannah Thies, who died after Fredericke Grosse, leaving surviving her Adolph Thies, her husband, and eight children. Appellees contend that a Mrs. Vogt, who lived and died in Germany, was the mother of Fredericke Grosse, and that Mrs. Vogt was a sister of Lotta Schroeder Jarchow, first wife of John Jarchow. Appellant insists that Lotta Schroeder Jarchow, first wife of John Jarchow, was not the sister of or in any way related to Mrs. Vogt, and apparently also contends that Fredericke Grosse was not the daughter of Mrs. Vogt.

On behalf of appellees two daughters of William Jarchow testified that they had from childhood lived in Elgin, within a few blocks of Fredericke Grosse, and that they had frequently visited at her home, she being their step-grandmother; that she had told them many times that her mother was the sister of John Jarchow's first wife. Henry Schramm, who resided near Elgin, testified that he had known Fredericke Grosse since the seventies, and that she told him on several occasions that her mother and the first Mrs. Jarchow were sisters. The deposition of August Schlief was taken in Kansas and introduced in evidence. He testified that he was born in Mecklenberg-Schwerin, Germany, coming to this country in 1868; that he knew the various members of the Jarchow family in Germany, including the father, John Jarchow, and the sons William and Fred, and John Jarchow's second wife; that he knew Mrs. Vogt, and that she was the mother of Fredericke Grosse; that he worked for one Joachim Zorn in Germany, and that Zorn told him that his (Zorn's) mother was a sister of the first Mrs. Jarchow and of Mrs. Vogt; that he also heard this statement made by Mrs. Zorn, Mrs. Vogt, John Jarchow and John Jarchow's second wife, Fredericke.

The appellant's witness, Mary Radloff, an elderly lady living at Dundee, near Elgin, testified that she was born

in Mecklenberg-Schwerin, near where the Jarchows lived, and that she and Fredericke Grosse played together as children, living a few rods from each other in a small settlement; that she came to America in 1865; that Fredericke Grosse was raised from the time she was a small child by a teacher and was known as Fredericke Sachs, and there was no person in the community known to the witness as the father, mother, brother or sister of said Fredericke; that said Fredericke when twenty-three years old married John Jarchow and witness was present at the wedding. Witness testified that she knew Lotta Schroeder, the first wife of John Jarchow, and that said Lotta Schroeder had no brothers or sisters and was not a relative of Fredericke Grosse. She also testified that she (the witness) was not a relative of the parties concerned, and that none of her testimony was based on statements made by any of the relatives of the parties whose pedigree was here in question. This witness' testimony was not in all parts consistent, but this may have been partially due to her age and failure to understand the questions asked.

The appellant strenuously insists that the testimony of the declarations of Fredericke Grosse was not admissible. The general rule is, that before the declarations of persons can be admitted to prove pedigree it must be established that the declarant is dead, that the declarations were made before the controversy arose, and that the declarant was related by blood or marriage to the family to which the declarations refer. (9 Ency. of Evidence, 739.) It is not controverted that Fredericke Grosse is dead or that the declarations were made before this controversy arose. It is, however, contended that there was no proof, other than her own declarations, that she was in any way related to appellees. It is further contended that the authorities require that proof of the relationship of the declarant must be made *dehors* the declaration before such hearsay can be admitted. This, without question, is the general rule laid

down in the books, (*Fulkerson* v. *Holmes,* 117 U. S. 389,) although it was held in the case just cited that but slight proof of relationship will be required, since the relationship of the declarant to the family might be as difficult to prove as the fact in controversy. Most of the cases where this rule was laid down and applied were where the attempt was made to set up some right claimed to be derived through the declarant, and by the declarant's own statement to establish the right to share in the property of a family or individual to which he or she claimed to be related. Manifestly, this cannot be done without other proof than the declarations of the declarant as to such relationship. Where, however, it is sought to reach the estate of the declarant himself and not to establish a right, through him, to the property of others, his declarations with reference to his family and kindred have been held admissible though the relationship is not shown by other evidence. In *Cuddy* v. *Brown,* 78 Ill. 415, testimony of this character was admitted without objection, and the holding in that respect has never been overruled or questioned. In *Wise* v. *Wynn,* 59 Miss. 588, the authorities on this question were reviewed and distinguished, and it was held that such evidence should always be received; that such declarations to some extent stand upon the same footing as declarations against interest or self-serving declarations; that if not admitted, in many cases there would be a failure of justice. In reaching this conclusion in that case the court cited and relied on *Cuddy* v. *Brown, supra.* The doctrine in the Mississippi case was followed in *Malone* v. *Adams,* 113 Ga. 791, and *Young* v. *State,* 36 Ore. 417. That doctrine has also been sanctioned in 1 Elliott on Evidence, sec. 381, 9 Ency. of Evidence, 741, and 22 Am. & Eng. Ency. of Law, (2d ed.) 643. Where the claimant is seeking to reach the estate of the declarant himself, we think, on principle as well as authority, such declarations, from

the very necessity of the case, are admissible without extrinsic proof of the relationship thus declared.

The appellant further insists that the declarations of Fredericke Grosse should not have been admitted because the facts were not ancient and there was no proof that better evidence could not be obtained. The usual rule is, that if the declarant is dead his declarations are not excluded by the fact that living members of the same family can be examined on the same point. (1 Elliott on Evidence, sec. 365.) In cases of pedigree the hearsay testimony is not confined to ancient facts but extends also to facts which have recently transpired. (Jones on Evidence, sec. 313.) Such evidence has been held primary and not secondary,—admissible on the ground that it is the best obtainable. (22 Am. & Eng. Ency. of Law,—2d ed.— 644.) What was said by this court in *Greenwood* v. *Spiller,* 2 Scam. 502, that in any way conflicts with this rule was not necessary for the decision in that case, and that dictum has never been referred to in any later decision of this court. The great weight of authority supports the doctrine that hearsay testimony as to pedigree is not confined to ancient facts. That doctrine is sound in principle, and the trial court did not err in so ruling.

Appellant further insists that the evidence in this record is not sufficient to justify the decree. While hearsay evidence as to pedigree should always be received with caution, we are not prepared to say that the evidence in this record does not uphold the decree of the circuit court. On the contrary, taken all together, we are disposed to hold that it does.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*