# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

(No. 13163.—Decree affirmed.)

CORNELIUS NOLAN *et al.* Defendants in Error, *vs.* RUTH E. BARNES *et al.* Plaintiffs in Error.

*Opinion filed June 16, 1920—Rehearing denied October 6, 1920.*

1. PRACTICE—*when suit should not be dismissed for delay in filing mandate allowing amending of pleadings.* A suit to set aside a deed should not be dismissed for a delay of seven months in filing a mandate of the Supreme Court which permitted the complainants to amend their pleadings within a reasonable time, where it is shown that the delay had been caused by difficulty in finding the names and whereabouts of the heirs of the grantor.

2. SAME—*attorney may make an affidavit as to unknown parties under section 7 of Chancery act.* Under section 7 of the Chancery act, providing that where parties interested in a suit in chancery are unknown an affidavit of that fact shall be sufficient to authorize the court to hear the suit, etc., each of the complainants need not make an affidavit that the parties are unknown to him but the affidavit may be made by the attorney for the complainants, and he may also make the affidavit for publication of notice as provided in section 12.

3. EVIDENCE—*declarations of grantor are competent to prove relationship in suit to set aside her deed.* Declarations of a grantor as to who were her relatives are admissible in a suit by her alleged heirs to set aside her deed although there is no other evidence of the relationship, as such declarations are necessarily made before any controversy as to her heirs can arise.

Writ of Error to the Circuit Court of Cook county; the Hon. M. W. Pinckney, Judge, presiding.

S. P. Douthart, for plaintiffs in error.

Francis J. Sullivan, David T. Smiley, and Henry P. Heiser, for defendants in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

This cause has been twice heard by different chancellors in the circuit court of Cook county and upon each hearing a deed executed by Annie M. Nolain on December 13, 1907, to the plaintiff in error Ruth E. Barnes was set aside. From the first decree an appeal was prosecuted to this court by Ruth E. Barnes and the facts were then stated and will not be repeated, but it was found that necessary parties interested in the subject matter of the suit had not been made parties, and for that reason the sufficiency of the evidence to sustain the decree was not considered. The decree was reversed and the cause remanded to the circuit court with leave to the complainants to make parties to the suit those persons who had interests in the subject matter, whether known or unknown, and with leave to amend the pleadings for that purpose. (*Nolan* v. *Barnes,* 268 Ill. 515.). An amended and supplemental bill was filed making new parties, and upon a hearing before a chancellor a decree was entered finding that the plaintiff in error Ruth E. Barnes was the stenographer and confidential law clerk of Moses D. Brown, an attorney who was employed by Annie M. Nolain; that Ruth E. Barnes and Brown conspired together to procure the conveyance, and she, under the pretense of being a nurse, went to the home of Annie M. Nolain and established confidential relations, and by means thereof obtained the deed when Annie M. Nolain was not capable of transacting ordinary business. The record is brought to this court for review by writ of error.

When the case was here before it was ordered that if the complainants should elect not to take the course permitted by amending the pleadings and making new parties within a reasonable time the circuit court should dismiss the suit. The judgment of this court was entered on June 24, 1915, and on February 10, 1916, plaintiffs in error caused the case to be re-instated and re-docketed in the circuit court and moved the court to dismiss the bill because the complainants had not elected to avail themselves of the privilege given within a reasonable time. On February 28, 1916, the mandate of this court was filed in the circuit court and the complainants asked leave to amend their bill, and in resistance of the motion to dismiss the bill filed an affidavit of one of their solicitors alleging that the heirs of Annie M. Nolain were scattered in several States and that there had been delay in obtaining their names and whereabouts. The motion to dismiss the suit was denied, and inasmuch as there was no definite time fixed in which the complainants should make their election, we do not think the chancellor erred in permitting the further prosecution of the suit.

There was process issued and publication made to unknown owners based on two affidavits of one of the solicitors for the complainants, in one of which he stated that there were persons interested in the premises described in the bill whose names were unknown; that there were unknown heirs of Annie M. Nolain and that their names were unknown; and in the other stated that the unknown heirs and unknown owners could not be found so that process could be served upon them, and that upon diligent inquiry their places of residence could not be ascertained. It is contended that the affidavit of unknown heirs and unknown owners was insufficient because one person cannot swear to what another person knows·or does not know, and the names and addresses of the alleged unknown heirs might have been known to all or some of the complainants, and therefore an affidavit not made by all of the complainants did not

give the court jurisdiction. There are some authorities for the doctrine contended for under statutes of other States, and it is true that one person cannot say what another person knows or does not know, but that fact was not regarded by the General Assembly in providing for obtaining jurisdiction of unknown persons. The Chancery act provides for two affidavits, and all that is required in either is the positive averment of the fact. Section 7 provides for process upon an affidavit being filed by a party without saying who should make the affidavit, and the affidavit is declared to be sufficient to authorize the court to hear and determine the suit as though all parties had been sued by their proper names. Section 12 provides for the affidavit for publication and provides in terms that the affidavit may be made by the complainant or his attorney. It is not reasonable to say that when a person swears that persons are unknown the only reasonable construction is that they are unknown to himself, only, nor that section 7 required an affidavit by all the complainants while under section 12 the affidavit could be made by the attorney. The affidavits in this case were positive in their terms, and the well known practice has been for either the party or his attorney to make the affidavit. The court acquired jurisdiction by the two affidavits and the issue of process and publication.

The next proposition presented is that there was no lawful evidence who were the heirs of Annie M. Nolain, and this is on the two grounds that there must be some evidence of relationship other than declarations, and that declarations, to be admissible, must have been made before the controversy arose. The evidence of relationship consisted of testimony of declarations of Annie M. Nolain made to Nellie Duffy, a nurse, that she had relatives in Woodstock, Illinois; declarations of Annie M. Nolain to John W. Cavanagh that she had cousins by the name of Thomas F. Nolan, Cornelius Nolan and Timothy Nolan and that she had lived in Woodstock; and testimony of Cornelius No-

lan that Annie M. Nolain left twelve cousins surviving her, whose names were given and who were complainants in the amended and supplemental bill. Cornelius Nolan testified that he had been acquainted with Annie M. Nolain for sixty years and first knew her in her childhood, when she was eight years old and lived on a farm in Hartland, in McHenry county, although he did not see her for a long period of time while she lived in Chicago. He testified that she was never married and gave the names of her father and mother. His knowledge was obtained from declarations of members of the family. In *Champion* v. *McCarthy,* 228 Ill. 87, the controversy was whether Henry McCarthy was an heir of John Earl, an illegitimate son of Susan Champion. He claimed to be also her illegitimate son, which would make him a half-brother to John Earl, and, as such, an heir to his estate. It was decided that declarations of Susan Champion, John Earl and a husband of a legitimate daughter of Susan Champion were competent evidence of the relationship. In *Jarchow* v. *Grosse,* 257 Ill. 36, it was held that a requirement there should be other proof than the declarations of the declarant as to the relationship does not apply where it is sought to reach the estate of the declarant himself and not to establish a right through him to the property of others. That was the case here, and the declarations were admissible, although the relationship was not also shown by other evidence. The declarations of Annie M. Nolain being made in her lifetime were necessarily previous to any controversy as to who her heirs would be, since she then had no heirs; and that is also true of the declaration to Cornelius Nolan.

There were two hearings before different chancellors, resulting in the same findings and decree. The evidence in the record now under review is in substance the same as when the cause was considered before, and no reason appears for disturbing the findings and decree.

The decree is affirmed.　　　　　*Decree affirmed.*