## ISAAC et al. v. PHILLIPS et al.

No. 13812—Opinion Filed Dec. 16, 1924.

Evidence — Pedigree — Declarations in Form of Conclusions—When Admissible.

Where the claimant seeks to reach the estate of declarant himself and to establish a right through him to the property of oth-

ers, the declarations with reference to the family and kindred of declarant are, from the very necessity of the care, admissible without extrinsic proof of relationship thus declared, and notwithstanding such declarations may be in form of conclusions.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Haskell County; E. F. Lester, Judge.

Alice Isaac et al. sued M. A. Phillips et al. to recover real estate, and for other relief. From judgment for defendants, plaintiffs appeal. Affirmed.

G. A. Holley and E. D. Means, for plaintiffs in error.

Fred H. Fannin and W. H. Brown, for defendants in error.

Opinion by ESTES, C. Parties appear here in the same order as in the trial court. Plaintiff Alice Isaac and a number of others, Choctaw Indians, claiming as heirs of the allottee, sued defendants, M. A. Phillips and S. T. Phillips, to recover real estate formerly allotted to Semelian Meshemahtubbee, a Choctaw of the full blood, and for other relief. Defendants claimed the land through mesne conveyances from the alleged sole heirs of said allottee. Said allottee was old and unmarried at the time of her death in McCurtain county about 1904. About 1907, Maurice Cass, claiming as sole heir of the allottee, conveyed the lands in controversy to one Frederick, who in turn sold and conveyed same to defendant M. A. Phillips, who took possession of the lands about said last date and kept same till 1920, when this suit was filed. Other plaintiffs were added and the aliquot parts of the land claimed by the two original plaintiffs were reduced. On his disclaimer, S. T. Phillips disappeared as defendant. Judgment on verdict of jury was for defendant M. A. Phillips, from which plaintiffs prosecute error.

Defendants claimed that said Cass and one Franklin were the sole heirs of said allottee. They purchased the entire title from said Cass. Thereafter, Franklin obtained judgment for a one-half interest in the land, as heir of said allottee. Thereupon M. A. Phillips purchased that interest. The main assignment is that the court erred in admitting the testimony of one Loman Thomas as to the pedigrees of said Cass and Franklin, tending to show that they were the sole and only heirs of said allottee, Semelian Meshehmatubbee, as follows:

"Q. Tell the court and jury who it was

that she said were her only kinfolks? A. Maurice and Jim. (Cass and Franklin) Q. Now, did she say to you that these were the only ones? A. Yes, sir. Q. Or did she just say that these two were to have them? A. Said they—said 'Them was the only kinfolks I have got.' * * * She said they were kinfolks—they was the only kinfolks she had, and entitled to her property. * * * Said they was the only kinfolks she had—they was the only kinfolks she had; they was entitled to her property."

It is contended that thereby said witness was permitted to state a conclusion—not a fact as to such pedigrees. It is true, ordinarily, as laid down in 3 Elliott on Evidence, 684, and held generally, that in proof of heirship, as in other cases, it is not competent for witnesses to state conclusions, under the exception to the hearsay rule on an issue of pedigree. Ordinarily they must show the relationship of claimant, a common ancestry, and that there are no other descendants entitled to share. Moreover, in such case, the declarations of a deceased person as to his relationship to his intestate are not admissible on behalf of one claiming a share in the intestate's estate, until the relationship of claimant to the declarant is shown. 22 C. J. 245. However, where the claimant seeks to reach the estate of the declarant himself, and to establish a right through him to the property of others, the declarations with reference to his family and kindred are from the very necessity of the case admissible, without extrinsic proof of the relationship thus declared. Jarchow et al. v. Grosse, 257 Ill. 36, 100 N. E. 290; Fulkerson v. Holmes, 117 U. S. 389, 6 Sup. Ct. 780, 29 L. Ed. 915. In Wise v. Winn (Miss.) 42 Am. Rep. 381, it is said:

"It is quite clear that I cannot establish my right to share in the estate of A. by proof alone of the fact that my father declared in his lifetime that A. was his brother, but may I not do so by showing that A. himself so declared?"

Malone v. Adams, 113 Ga. 791, 39 S. E. 507, 84 Am. St. Rep. 259; Young et al. v. State (Ore.) 59 Pac. 812. See, also, Elliott on Evidence, and C. J., supra. It is well settled that the proof of heirship in such case may be slight. This rule was met by the very declaration of said Semelian that she was of kin to Cass and Franklin. Nor do we think in this case that it was necessary for Semelian to declare the exact relationship said Cass and Franklin bore to her. She did not declare the degree of kinship. She did, however, declare—according to the testimony of Thomas—that Cass

and Franklin were her only kinsfolk. Some authorities. including Wise v. Winn and Jarchow et al. v. Grosse, supra, hold that such declarations to some extent stand upon the same footing as declarations against interest or self-serving declarations, and that, if not admitted, in many cases there would be a failure of justice. On that theory it would be immaterial whether said declarations were, in form, conclusions or statement of facts. In any event, the testimony of said Thomas was admissible to be considered by the jury with all the other facts and circumstances bearing on the issue of pedigree.

Plaintiffs also complain—though not seriously—of the instructions of the court. It is sufficient to say that the instructions, in general, cover the respective contentions of the parties on the question of pedigree. Plaintiffs claimed as collateral heirs of said Semelian—descended by way of her half-sister. While there is some testimony tending to sustain their claim, much of it is indefinite and uncertain. The evidence reasonably tends to support the verdict and judgment thereon, and under the rule. so well settled, the judgment cannot here be disturbed. The foregoing disposes of the contention that the verdict is not reasonably supported and other complaints made by the plaintiff.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See 22 C. J. § 232.